## G. C. HARNEY v. E. J. PICKENS ET AL.

Motion No. 9525. Decided April 1, 1931.
(37 S. W., 2d Series, 717.)

CHIEF JUSTCE CURETON delivered the opinion of the court.

This case is before us on motion for leave to file a petition for writs of mandamus, prohibition, etc. The petition shows that the relator is a duly licensed and practicing lawyer, at present residing in Hutchinson county, that the respondent E. J. Pickens is judge of the eighty-fourth district court and that the respondent Dr. J. W. Head, a former client of the relator, lost certain property by fire in May, 1930. Dr. Head had a number of insurance policies on the property, but the insurance companies failed to pay the claims made under the policies. Dr. Head and the relator could not agree on a fee for filing and prosecuting the suits on the insurance policies, but relator was employed, for a stipulated fee, to prepare the proofs of loss. These proofs of loss were prepared pursuant to this employment, and the relator as a notary took the oath of Dr. Head thereto. After suits were filed on the policies by another attorney, or other attorneys, selected by Dr. Head, the general attorneys for the

insuranc companies employed the relator to represent all of the companies locally in the cases. The suits were filed on the insurance policies on or about October 16, 1930. No motion of any kind or character was filed by the attorneys for Dr. Head until on or about the 15th of December, 1930, when relator and his co-counsel, representing the insurance companies, filed a motion for continuance. At that time the attorneys for Dr. Head filed a motion "praying that the court disqualify relator from acting for and on behalf of said defendants." No order was ever made by the court relative to disqualifying the relator, but "the said Honorable E. J. Pickens has stated that he would make such an order, and that he does feel, because of relator having prepared the proofs of loss, that relator is disqualified, and that he will make such an order." The petition also states that Judge Pickens has addressed a letter to relator's co-counsel, wherein the judge states that he "holds that your relator is disqualified." In the petition we are asked to issue a writ of mandamus "directing and ordering the said respondent E. J. Pickens to allow relator to appear as one of the attorneys for said defendants, and also writ of prohibition prohibiting the said E. J. Pickens from entering orders disqualifying relator in these causes, and prohibiting the said J. W. Head from taking further action toward disqualifying relator to act as such attorney."

The above substantially states all the facts before us, in so far as necessary for our present purposes.

We of course recognize the general rule as to when an attorney is or is not disqualified to accept employment against a former client. 6 Corpus Juris, p. 619, sec. 105. In this case, however, it is obvious from the statement that Judge Pickens has not, up to the present time, entered any order refusing to permit the relator to appear as counsel, nor refused to hear and determine the subject matter of the motion to disqualify under the rules of law which govern such a proceeding. In other words, the motion to disqualify and the subject matter thereof are still within the jurisdiction of the district court of Hutchinson county, and nothing is averred which indicates that the district court has entered judgment, or that the court has declined to exercise its jurisdiction under the forms and rules of law. It is plain that up to the present time the district judge has not refused to permit the relator to appear as counsel. The rule is, that, in order to show that a respondent is in default in cases where a private right is sought to be enforced, the petition must, as a rule, allege that the performance of the duty has been demanded of the respondent and that he has refused or failed to perform it, or such conduct on the part of the respondent must be alleged as will show the futility of a demand for performance. 38 Corpus Juris, p. 878, sec. 593. We do not think the allegations show that a demand for a hearing on the motion to disqualify would be useless. The mere fact that the district judge may

be of the present opinion that on the hearing the facts and law will be such as that he will not permit relator to appear as counsel, is not sufficient to show that the judge does not intend to give him a hearing on the facts and decide the issues in accordance with the law. We are of the opinion that we ought not to permit the filing of the petition for mandamus until the court has acted or has refused to act. If upon a hearing the district court should decline to permit the relator to appear as counsel, under a state of facts which show that he is entitled to appear, then we think, under the established law, this court would be authorized to entertain a petition for mandamus. Terrell v. Greene, 88 Texas, 539, 548, 31 S. W., 631; High on Extraordinary Remedies (2d Ed.), secs. 220, 221; Merrill on Mandamus, sec. 195; 38 Corpus Juris, p. 648, sec. 171. Having the right to issue the writ of mandamus directing a district judge to permit a lawyer to appear as counsel, we of course have authority to make all other orders necessary to protect and make efficacious the exercise of that power by us. Cleveland v. Ward, 116 Texas, 1, 13, 285 S. W., 1063.

We therefore overrule the motion for leave to file the petition for mandamus, without prejudice, however, to the right of the relator to again present a petition to this Court in the event he should be unlawfully deprived of his right to appear as counsel. Nothing in this opinion is to be understood as in any way expressing or indicating our views on the actual questions of law and fact which may arise on the trial of the issue of relator's disqualifications before the district court.

The motion for leave to file is accordingly overruled.