**BOYER et al. v. GARRETT et al.**

No. 6113.

United States Court of Appeals
Fourth Circuit

Argued June 30, 1950.

Decided July 17, 1950.

Dallas F. Nicholas and I. Duke Avnet, Baltimore, Md. (Edgar Paul Boyko and William H. Murphy, Baltimore, Md., on brief) for appellants.

Allen A. Davis, Baltimore, Md. (Thomas N. Biddison and Hugo A. Ricciuti, Baltimore, Md., on brief) for appellees.

Before PARKER Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in an action instituted under the Civil Rights Act, 8 U.S.C.A. §§ 43 and 47, against the Mayor and City Council of Baltimore and the members of the Board of Recreation and Parks of that city. Its purpose is to enjoin the enforcement of a rule officially adopted providing for the segregation of races in athletic activities in the public parks and playgrounds subject to the control of the Board and to recover damages alleged to have been sustained because of the enforcement of the rule. The parties entered into a stipulation that for the purposes of this case no contention was made that the facilities and services furnished the different races were not substantially equal. The contention of plaintiffs is that, notwithstanding this equality of treatment, the rule providing for segregation is violative of the provisions of the federal Constitution. The District Court dismissed the complaint on the authority of Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256; and the principal argument made on appeal is that the authority of Plessy v. Ferguson has been so weakened by subsequent decisions that we should no longer consider it as binding. We do not think, however, that we are at liberty thus to disregard a decision of the Supreme Court which that court has not seen fit to overrule and which it expressly refrained from reexamining, although urged to do so, in the very recent case of Sweatt v. Painter, 70 S.Ct. 848. It is for the Supreme Court, not us, to overrule its decisions or to hold them outmoded.

We need not consider arguments based on the 1st Amendment or the Charter of the United Nations. The 1st Amendment manifestly has no relation to athletic contests, and there is nothing in the Charter of the United Nations which, if applicable here, is of broader scope than the provisions of the 14th Amendment in forbidding racial discrimination.

Affirmed.