## HAINSWORTH

v.

## HARRIS COUNTY COM'RS COURT.

No. 12663.

Court of Civil Appeals of Texas.

Galveston.

Feb. 18, 1954.

Rehearing Denied March 11, 1954.

Robert W. Hainsworth, Houston, for appellant.

De Lange, Hudspeth & Pitman, Albert J. De Lange, C. M. Hudspeth, and Eugene J. Pitman, Houston, for appellee.

GRAVES, Justice.

This appeal by the appellant, a colored man, is from a judgment of the 129th District Court of Harris County, Texas, Hon. Dan W. Jackson, Judge, presiding without a jury, denying the appellant, who was the sole plaintiff below, a writ of mandamus requiring the appellees, who constituted the Commissioners' Court of Harris County, Texas, and were defendants below "to remove the sign, designated 'Colored,' from the table in the Harris County Law Library, and to stop the arbitrary practice of restricting use of tables in the Harris County Courthouse Law Library, on the basis of color."

The court's judgment was so rendered and entered upon an agreed statement of all the facts, as made and signed by the attorneys for the parties, which is appended hereto as Exhibit A, and made a part hereof.

This Court, after having had the advantage of written briefs and oral arguments from both sides, as indicated, and the appellant having orally argued the cause for himself here, as the sole party thereto in the same way the trial court's record shows he had done below, is constrained to, in all things, affirm the judgment.

Since the action was one for mandamus only, the burden was upon appellant to both plead—and prove with particularity—everything necessary to sustain his action as such. Houston Tap and Brazoria R. Co. v. Randolph, 24 Tex. 317; Johnson v. Elliott, Tax Collector, Tex.Civ.App., 168 S.W. 968, writ ref.; Harmon v. City of

Dallas, Tex.Civ.App., 229 S.W.2d 825, writ ref., n. r. e.

He had to show, not only that he had made all necessary preliminary demands therefor, but just what practice he was complaining about, and his own justiciable interest therein. Harney v. Pickens, 120 Tex. 268, 37 S.W.2d 717; Hursey v. Bond, 141 Tex. 337, 172 S.W.2d 305; 28 Tex. Jur. 552; Mitchell v. Dixon, 140 Tex. 520, 168 S.W.2d 654, opinion adopted; Yett v. Cook, 115 Tex. 205, 281 S.W. 837.

■ As the stipulation of all of the facts shows, none of the indicated prerequisites to the issuance of the mandamus writ so sought were complied with. Indeed, while appellant undertakes to state, as the basis of his appeal, four points of error, they are all, in effect, mere abstractions which are made the basis for a general discussion by him upon wholly abstract principles. As such they are based on general authorities, mostly opinions of the Supreme Court of the United States, based upon facts having no applicability whatever to those here involved, as shown by the appended stipulation. While those opinions, as appellant contends, deal with and discuss such general questions as the "dignity of man" and "segregation", and have much to say about the Fourteenth and Fifteenth Amendments to the Constitution of the United States, they have no remote applicability to the issues raised in this case and are founded wholly upon the quoted stipulation of all the facts that were therein involved.

Indeed, as this Court sees it, appellant has presented no question whatever as to there having been any infringement of any constitutional rights of his, unless it could be said that his having been so seated in the library without discrimination or inequality, and without any impairment to him of its benefits, had constituted a discrimination against him; whereas, he plead no discrimination, inequality, no injury or damage; nor did he make any effort to prove any one of such things. Whereas, further, it would appear that the Supreme Court of the United States itself has held that such single segregation—if it could be called

that—of the appellant in this instance, did not infringe upon any constitutional guaranty to him. Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256; McCabe v. Atchison, Topeka & S. F. R. Co., 235 U. S. 151, 35 S.Ct. 69, 59 L.Ed. 169; Boyer v. Garrett, 4 Cir., 183 F.2d 582, certiorari denied 340 U.S. 912, 71 S.Ct. 293, 95 L.Ed. 659; Day v. Atlantic Greyhound Corporation, 4 Cir., 171 F.2d 59; Carr v. Corning, 86 U.S.App.D.C. 173, 182 F.2d 14.

■ Further, since, in the absence of a statement of facts in the usual way and in the presence of the mutual stipulation as to what the controlling facts were here, it will be, upon this appeal, conclusively presumed that all findings which could have been made from the evidence were made by the trial court in favor of the appellees. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363; McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649; Lane v. Fair Stores, Inc., Tex.Sup., 243 S.W.2d 683.

The judgment will be in all things affirmed.

Affirmed.

### Exhibit A.

"That in the Harris County Law Library situated in Harris County, Texas, there is a special table, designated 'Colored', for the exclusive use of litigants and lawyers who are colored and which is restricted from use by those who are not colored; and when use of the Library is made by colored litigants or lawyers one-at-a-time, they are restricted to the use of such table but when use of the Library is made by more of them than one-at-a-time, they are only restricted to the use of whatever table in the Library to which they are assinged by the Librarian and the table to which they are assigned is restricted from use by litigants or lawyers who are not colored throughout the time of its being used by those who are colored.

"That on December 20, 1951, the Plaintiff petitioned the Harris County Commissioners Court to disapprove of the above policy of segregation and of designation of a ta-

ble in the Harris County Law Library, 'Colored', and in their practice of the restrictive use of tables in the Harris County Law Library on the basis of color.

"That on January 24, 1952, the Harris County Commissioners Court, the Defendants, denied the petition of the Plaintiff."