Mrs. Clinton (Leona) WEBER et al., Relators,

v.

Judge John SNELL, Jr., et al., Respondents.

No. 16738.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 1, 1976.

Rehearing Denied July 29, 1976.

Leona Weber, Clinton Weber, pro se.

Clyde Gordon, Houston, for respondents.

EVANS, Justice.

Mrs. Clinton (Leona) Weber, individually and as trustee to Solid Rock Refuge, Inc., and Clinton C. Weber have filed application for writs of mandamus against the Honorable John Snell, Jr., Judge of the 152nd Judicial District Court of Harris County, Texas, the Honorable Thomas J. Stovall, Jr., Judge of the 129th Judicial District Court of Harris County, Texas, the Honorable Arthur Lesher, Judge of the 157th Judicial District Court of Harris County, Texas, and Hermine Bleyl, Clerk of the 152nd Judicial District Court of Harris County, Texas. Although Leona Weber purports to represent Solid Rock Refuge, Inc., she is not an attorney licensed to practice before the courts of this State and we therefore consider her application to be only on her own behalf.

The transcript filed in support of relators' application reflects the following sequence of events: Clinton Weber, Solid Rock Refuge, Inc., and Mrs. Clinton Weber, as plaintiffs, brought an action against Full Gospel of Christ Fellowship, Inc., Paul Richardson, its president, Bible Way Temple, its trustees, James E. Howell, Willis Warren and E. L. Milton, First State Bank of Greens' Bayou and Stewart Title Guaranty Company, as defendants, alleging that the plaintiffs had agreed to convey to defendant Full Gospel of Christ Fellowship, Inc. certain property in Harris County, Texas, for a purchase price of $18,000.00 with a $500.00 earnest money deposit and the balance to be paid in cash; that the agreement had been made upon the representation of Richardson that the property would be used for the same purposes as it had been used by plaintiffs, that is, as a bible school and as a refuge for homeless and neglected girls. That contrary to such representation the defendant Full Gospel of Christ Fellowship, Inc., the day prior to the closing of such transaction, conveyed the property to the defendant Bible Way Temple. The plain-

tiffs sought to have their deed cancelled and in the alternative sought damages; they also sought a restraining order prohibiting the defendants from interfering with their continued use of the property.

The plaintiffs' first amended original petition was filed in said Cause No. 913,602 on April 27, 1973. The docket sheet reflects that on August 15, 1973, a non-suit was taken by the plaintiffs and that the cause proceeded to trial on defendants' cross-action. The transcript contains a cross-action brought on behalf of Full Gospel of Christ Fellowship, Inc. and James E. Howell against cross-defendants Clinton Weber and wife, Mrs. Clinton Weber, wherein it is alleged that cross-defendant Clinton Weber, with the encouragement of cross-defendant Mrs. Weber, struck Howell causing him bodily injury, pain and medical expense for which he sought damages in the amount of $6,000.00, and a temporary injunction to prevent cross-defendants from such further conduct. A docket entry reflects that the court decreed the cross-plaintiffs should take nothing on their cross-action "as per decree" and ordered a severance as to the cross-plaintiffs' application for a temporary injunction and right of possession "as per order." It further reflects that an order on the non-suit was signed by the court on August 17, 1973. This order is not in the transcript but we have obtained a copy of the order dismissing the plaintiffs' action upon their non-suit.

The transcript also contains an order designated "Final Judgment" in Cause No. 913,602, which recites that on August 15, 1973, the plaintiffs were granted a non-suit and that the cause proceeded to trial on the cross-action for damages which the court denied and that the court ordered a severance as to the temporary relief sought by the cross-plaintiffs which remained on the docket. This order reflects entry on October 19, 1973, and was apparently signed by Judge Snell; however, the signature is lined through in ink and the docket notation is also marked through as though the court intended to strike the order. No explanation for such marking appears in the record.

The docket sheet further indicates that on September 24, 1973, temporary relief on the severed cross-action was denied "as per order." There appears in the transcript an order of this date signed by Judge Snell on October 1, 1973, denying temporary injunctive relief to the cross-plaintiffs for possession of the premises in question.

On September 4, 1973, Clinton Weber, Solid Rock Refuge, Inc., and Mrs. Clinton Weber, as plaintiffs, brought a separate action as Cause No. 955,310 against defendants Full Gospel of Christ Fellowship, Inc., its president Paul Richardson, Bible Way Temple, James E. Howell and Willis Warren, which alleged essentially the same cause of action as set forth in their earlier action (Cause No. 913,602) which was dismissed upon their non-suit. This petition was answered by the defendants on November 13, 1973, and a cross-action for damages in the way of interest, rentals and other relief was also filed.

On February 6, 1976, Clinton Weber, Solid Rock Refuge, Inc., and Mrs. Clinton Weber filed their first amended original petition in a third action, Cause No. 958,988, against defendants First State Bank & Trust Company of Houston, the Stewart Title Guaranty Company, Miles Strickland and G. W. Archer, alleging damages by reason of said defendants' participation in the sales transaction between the plaintiffs and Full Gospel of Christ Fellowship, Inc.

The docket sheet reflects that on June 3, 1974, the court, upon motion, ordered Cause No. 958,988 and Cause No. 955,310 consolidated with Cause No. 913,602, and that an order of consolidation was signed on July 8, 1974. This order does not appear in the transcript before us.

On March 11, 1975, the case proceeded to trial before a jury and according to the docket sheet the plaintiffs discharged their attorney in open court and a mistrial was declared. All costs incurred to that date were taxed against the relators. Subsequently by final judgment in the consolidated cause pending in the 129th Judicial District Court, which judgment is dated August 25, 1975, and was signed by the Honor-

able Thomas J. Stovall, Jr., Judge of said court, on March 1, 1976, the court entered summary judgment in favor of the Bible Way Temple, as cross-plaintiff, against cross-defendants Solid Rock Refuge, Inc., a corporation, Clinton Weber and wife, Leona Weber, for the title and possession of the property in question, ordered that said cross-defendants take nothing against Full Gospel of Christ Fellowship, Inc., Paul Richardson, the Bible Way Temple, E. L. Milton, James E. Howell and Willis Warren, individually or as trustees of the Bible Way Temple, G. W. Archer, Miles Strickland and First State Bank & Trust Company of Houston, and directed that Stewart Title Guaranty Company pay to Clinton Weber and Leona Weber, as trustees for Solid Rock Refuge, Inc., the sum of $7,799.30 which had been held by said company and that upon such payment said company was dismissed as a party defendant. It further decreed that all costs of suit were taxed against the plaintiffs, Clinton Weber and Leona Weber. Relators have filed an appeal bond indicating their desire to appeal from this judgment.

In their amended petition for writs of mandamus filed herein, relators seek to compel Judge Lesher to enter an interlocutory default judgment in Cause No. 955,310; to compel Hermine Bleyl, Clerk of the 152nd Judicial District Court, to execute judgment for costs in their favor in Cause No. 913,602; to require Judge Snell to enter the final judgment dated August 15, 1973, in Cause No. 913,602, and to compel Judge Stovall to declare void all judgments entered by him pursuant to the consolidation order and to require him to transfer and separate the causes from Cause No. 913,602 and order such causes returned to the courts in which the actions were initially filed. Relators further seek to have title to the disputed property declared in their favor.

It is not entirely clear from the record before us whether the judgment which was evidently signed by Judge Snell on October 19, 1973, granting plaintiffs non-suit and ordering cross-plaintiffs take-nothing on their suit for damages was intentionally stricken as an order of the court. Although this order purports to be a final judgment, it is fairly apparent that Cause No. 913,602 was retained on the court's active docket until June 3, 1974, when it was consolidated with the related causes, Nos. 958,988 and 955,310.

While it may have been error for Cause No. 913,602 to have been retained on the court's active docket following entry of the order denying temporary relief to the cross-plaintiffs, such error could only affect relators' right to have costs taxed against the cross-plaintiffs on their original cross-action. Since Cause No. 913,602, as subsequently consolidated, resulted in the final judgment entered March 1, 1976, relators were entitled to seek to have costs retaxed in the consolidated action. It does not appear that any motion to retax costs has been filed by relators in the consolidated proceedings.

This court has jurisdiction to issue writs of mandamus to protect or enforce its acquired jurisdiction over an appeal, Article 1823, Tex.Rev.Civ.Stat.Ann., or to compel a judge of a district court to proceed to trial and judgment in a cause. Article 1824, Tex.Rev.Civ.Stat.Ann. The allegations of relators' petition for mandamus do not show that the issuance of writs of mandamus are necessary for the protection or enforcement of this court's jurisdiction over their appeal. Neither do such allegations demonstrate that the district courts refused to proceed to trial and judgment; rather, it is clearly shown that a final judgment was entered in the consolidated proceedings.

This court is without authority to compel by mandamus the entry of an interlocutory default judgment or to declare invalid the lower courts' orders and judgment rendered in the consolidated actions. Our authority upon petition for mandamus does not extend to the judicial function of determining whether, as a matter of law, a particular judgment should have been rendered. *Ratcliff v. Dickson,* 495 S.W.2d 35, 36 (Tex.Civ.App.–Houston [1st], 1973, no writ). While a court of civil appeals has

jurisdiction to mandamus a district judge to proceed to trial and judgment, it may not tell that court what judgment it should enter. *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101 (Tex.1962).

■ Furthermore, a writ of mandamus to compel a district judge to proceed to trial or judgment should be issued only when it is shown that there was a refusal by the district court to perform the duty demanded of him or where the circumstances evidence the futility of making the demand. *Harney v. Pickens,* 120 Tex. 268, 37 S.W.2d 717, 718 (1931). In the case before us it has not been demonstrated that the district court refused, upon proper motion, to enter an appropriate judgment finally disposing of the defendants' original cross-action in Cause No. 913,602. Thus, relators have failed to establish a right to relief by writ of mandamus. *Ratcliff v. Dickson, supra.* If there was error in continuing Cause No. 913,602 on the active docket of the court and in the consolidation of that cause number with relators' subsequently filed actions, such error must be corrected by appeal, if at all. *Starr County v. Laughlin,* 283 S.W.2d 830, 832 (Tex.Civ.App.–San Antonio, 1955, no writ); *Burke v. Loughridge,* 314 S.W.2d 957, 959 (Tex.Civ.App.–San Antonio, 1958, no writ). We accordingly hold that relators did not establish their entitlement to writs of mandamus against the three district judges against whom relief was sought.

■ We further hold that this court is without authority to order the Clerk of the District Court to issue execution for costs in the original Cause No. 913,602. Our jurisdiction with respect to the issuance of writs of mandamus is limited to that afforded by Articles 1823 and 1824, Tex.Rev.Civ.Stat. Ann. We further note that the trial court did not adjudge costs in the original Cause No. 913,602 and relators have not alleged that the court refused, upon request, to render judgment for costs. Rule 149, Texas Rules of Civil Procedure, expressly provides that execution will not issue for costs until after judgment has been rendered therefor.

See also *Criswell v. Ragsdale,* 18 Tex. 443 (1857).

The relators' petition for writs of mandamus is in all respects denied.