NO. 07-01-0172-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2001
_____

MIKE SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 154th DISTRICT COURT OF LAMB COUNTY;

NO. 3413; HON. FELIX KLEIN, PRESIDING
_____

Before QUINN, REAVIS, and JOHNSON, JJ.

Appellant, Mike Smith, appeals his conviction for delivery of a controlled substance. Through four points of error, he contends that the evidence was insufficient to support the jury's verdict and that the State engaged in unauthorized communication with the jury. We overrule each contention and affirm the judgment.

### Point One — Sufficiency of the Evidence

Appellant initially contends that the verdict lacks sufficient evidentiary support. Whether he means legal or factual is unknown. Nevertheless, we will address both. In

particular, he believes that the State failed to "establish that [he] had any control over the delivery of [the] crack cocaine, knowledge of the existence of the recipient or that the crack . . . was sold at [his] direction. We disagree.

By indictment, the State alleged that appellant "did then and there: intentionally or knowingly deliver, by constructive transfer, to Confidential Informant #007-00, a controlled substance, namely, cocaine, in an amount of less than four grams but more than one gram." Appearing of record is evidence that Rick McDowell (a deputy sheriff) conversed with Shaun Pollard (Pollard) about making a drug buy from appellant. Pollard was McDowell's confidential informant and used the identifying number 007. Furthermore, McDowell gave Pollard $160 with which to buy the controlled substance.

Upon receiving the money, Pollard proceeded to the house of Kevin Fluellen (Kevin) and inquired of Kevin's brother whether the "shop was open." Kevin's brother answered in the affirmative and ran to get Kevin. At the time, Kevin acted as the "middleman" for people who wanted to buy drugs. That is, he would not manufacture them but would obtain them from appellant and deliver them to the buyer, "[s]ort of like a mule."

Pollard informed Kevin that he (Pollard) "wanted some drugs" and gave Kevin the $160 received from McDowell. At that point, Kevin "went down the street" to find appellant, found appellant, and said to appellant: "a dude come up and he wanted to buy some drugs." Appellant replied that "he'd be down there in a minute . . . ." Within minutes, appellant drove up in a car. Kevin "went out there and got the narcotics," gave appellant money, received crack cocaine from appellant, returned to the house, and gave the substance to Pollard. As the transaction between appellant and Kevin transpired, Pollard

2

was in Kevin's house.  However, Pollard spied on the two and saw Kevin hand appellant money and appellant hand Kevin the crack cocaine.

The foregoing constitutes sufficient evidence upon which a rational jury could conclude, beyond reasonable doubt, that appellant intentionally or knowingly delivered, by constructive transfer, crack cocaine to Confidential Informant #007-00, namely Shaun Pollard.  Thus, the evidence is legally sufficient to support the verdict.  And, after considering the record as a whole, we cannot say that the verdict of guilty arrived at by the jury was clearly wrong or manifestly unjust.  Thus, it is also supported by factually sufficient evidence.

### *Points Two, Three and Four*

In his final three points, appellant contends that the prosecutor engaged in unauthorized communication with the jury in violation of statute and constitutional provisions.  The unauthorized communication allegedly consisted of 1) allusion to extraneous offenses, 2) "improper references about [appellant's] failure to testify by arguing . . . 'don't let . . . Smith outsmart you on this thinks [sic] he is bulletproof'" and about his "'hiding' behind others," 3) allusion to "kilograms of drugs in Lamb County," and 4) placing baggies of flour in a locale that could be seen by the jury.  These supposed communications warranted a new trial, according to appellant.  We disagree.

As for the allusion to extraneous offenses, appellant fails to discuss the particular evidence and cites us to its location in the record.[1]  This alone is fatal for complaints

---

[1]The cites he does provide do not encompass evidence of extraneous offenses committed by or involving appellant.

3

unsupported by citation to the record are waived. TEX. R. APP. PROC. 38.1(h) (requiring citation to the record); *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) (holding that an argument, when unaccompanied by citation to the record, is inadequately briefed and is waived).

Additionally, other than concluding that one "may only be convicted based upon evidence concerning the case on trial [and] the prosecutor should not arouse prejudice in the jurors' minds with extraneous material that is unrelated to the offense charged," appellant fails to explain why the evidence was inadmissible and, therefore, improper to present to the jury. This is of import because extraneous offenses may indeed be admissible. For instance, they may be admissible to show matter other than character and appellant's engaging in conduct in conformity with that character. TEX. R. EVID. 404(b) (stating that evidence of other crimes, wrongs or acts may be admissible for purposes other than to prove one acted in conformity with his character). Moreover, appellant does not contend that the evidence at bar was admitted solely for the purpose of proving character and his conformity with that character. So, without him establishing on appeal that the supposed evidence of extraneous offenses was inadmissible, we cannot say that the State acted improperly in allegedly mentioning it. *See Alvarado v. State*, 912 S.W.2d at 210 (holding that the appellant presented nothing for review when he omitted explanation in support of his point); *Howell v. Murray Mortg. Co.*, 890 S.W.2d 78, 81 (Tex. App.--Amarillo 1994, writ denied) (holding that a point is adequately briefed when accompanied by discussion of the facts and authorities relied on). In short, it is not our

4

task to speculate upon the nature of an appellant's theory. *Alvarado v. State*, 912 S.W.2d at 210.

As for the supposed comment upon appellant's failure to testify and allusion to kilos of cocaine being in Lamb County, appellant fails to accompany the point with explanation or legal authority illustrating that the conduct was improper. The same is also true of his contention *viz* the presence of flour in the courtroom and in a locale which could supposedly be seen by the jurors. Having failed to properly brief the complaints as required by Texas Rule of Appellate Procedure 38.1(h), appellant waived them.

Accordingly, the judgment is affirmed.

Brian Quinn
Justice

Do not publish.

5