NO. 07-04-0426-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 20, 2004

_____

IN RE JAMES WARREN BRIGHT, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator James Warren Bright, an indigent inmate, seeks a writ of mandamus to compel the Honorable Andrew Kupper, Judge of the 137th District Court of Lubbock County, sitting by assignment, to issue a final ruling in cause number 16,336 so he may file an appeal. Under applicable rules and principles, we deny his petition.

Relator was convicted of aggravated rape in the mid-1970's. Following the enactment of chapter 64 of the Texas Code of Criminal Procedure, which allows for forensic DNA testing under certain circumstances, relator requested appointment of

counsel pursuant to article 64.01(c) to prosecute his motion for DNA testing.[1]  After a hearing, relator was declared indigent and provided with court-appointed counsel for pursuing his chapter 64 motion.

According to relator's allegations, a hearing was held on June 18, 2003, after which the court ordered that Wade Jackson of the Lubbock County District Attorney's office determine if a viable sample existed for DNA testing and inform the court and parties of the results of his search.  The court further ordered that Barbara Sucsy, District Clerk of Lubbock County, provide the reporter's record of the original proceedings to relator free of cost.  Relator also claims he was granted permission to review four files in the Lubbock County District Clerk's office and receive free copies of requested pages.

The scant record before us contains a copy of a letter from relator's court-appointed counsel dated July 12, 2003, in which he indicates the State determined there was no material available on which to conduct DNA testing due in part to a court order dated April 6, 2001, which authorized the destruction of exhibits introduced prior to December 31, 1986.  A certified copy of the court's order is included in the record.  Also included in the record is a letter from the State in which Wade Jackson indicated that his office did not

---

[1]Counsel was appointed following a hearing in the trial court pursuant to this Court's order of abatement and remand in cause number 07-03-0079-CR, by which relator attempted to appeal the trial court's refusal to appoint counsel to represent him in his chapter 64 proceeding.

have any biological material in its possession. Jackson also noted that upon further investigation, he discovered that due to the age of the case, all items had been destroyed.

Relator complains that no final order in cause number 16, 336 has been entered to dispose of his motion for DNA testing which was allegedly heard on June 18, 2003. He requests we compel Judge Kupper to proceed to final disposition so he may challenge the ruling by direct appeal.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Relator must satisfy three requirements to establish his entitlement to the issuance of a writ of mandamus, to-wit: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). Also, a party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. *Walker*, 827 S.W.2d at 837; *see also* In re Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding).

When a motion is properly filed and pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157 (Tex.1992). This includes rulings on motions for DNA testing and the appointment of counsel for the purpose of pursuing DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure. In re Dimas, 88 S.W.3d 349, 351 (Tex.App.–San

3

Antonio 2002, orig. proceeding). A trial court must consider and rule upon a motion within a reasonable period of time, and whether a reasonable time period has lapsed depends on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist. 1992, orig. proceeding). No bright line demarcates a reasonable time period; however, many indicia are influential, such as the trial court's knowledge of the motion, the status of the court's docket, and other judicial and administrative matters that must be addressed. In re Villareal, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding); *Bates*, 65 S.W.3d at 135.

The record before us does not contain a copy of the motion allegedly filed by relator in which he requested DNA testing nor any indication that a hearing on the motion was held on June 18, 2003. Although the letter from his court-appointed counsel is some indication that the State was requested to investigate the existence, if any, of biological material for DNA testing, there is nothing before us to demonstrate that a motion for DNA testing was filed and whether a hearing was conducted.

We recognize that a court of appeals may issue a writ of mandamus to compel a trial court to proceed to judgment; however, such an extraordinary remedy should be utilized only when the relator satisfies his burden to show that there was a duty to perform, a refusal to act, or where the circumstances evidence the futility of making a demand. Weber v. Snell, 539 S.W.2d 363, 367 (Tex.Civ.App.–Houston [1st Dist.] 1976, orig. proceeding), citing Harney v. Pickens, 120 Tex. 268, 37 S.W.2d 717, 718 (Tex. 1931). Relator has not

4

provided this Court with a sufficient record showing that a properly filed motion for DNA testing was filed, heard, or that a request for the trial court to enter a ruling was made followed by a refusal to do so. *Stoner*, 586 S.W.2d at 946.

Accordingly, relator's petition for writ of mandamus is denied.


Don H. Reavis
Justice