NO. 12-05-00036-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


§

IN RE: KENNETH L. SNOW,                          §     ORIGINAL PROCEEDING
RELATOR
§





MEMORANDUM OPINION
            Relator, Kenneth L. Snow, seeks a writ of mandamus requiring the trial court to rule on his
motion for a copy of a trial court record. He further requests that we issue a writ requiring the
district clerk to furnish the copy. We deny the petition.
            Mandamus is an extraordinary remedy available only in limited circumstances involving
manifest and urgent necessity and not for grievances that may be addressed by other remedies. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Relator must satisfy three requirements to
establish his entitlement to the issuance of a writ of mandamus: (1) a legal duty to perform; (2) a
demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex.
1979). Also, a party requesting relief must provide a sufficient record to establish his entitlement
to mandamus. Walker, 827 S.W.2d at 837.
            When a motion is properly filed and pending before a trial court, the act of considering and
ruling upon the motion is a ministerial act. See Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158
(Tex. 1992). A trial court must consider and rule upon a motion within a reasonable period of time. 
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding).
Whether a reasonable time period has lapsed depends on the circumstances of each case. Id. To be
entitled to mandamus relief in the instant proceeding, Relator must show that the trial court had a
duty to rule on the motion and either refused to act after a request for performance or made it clear
that any such request was futile. See Weber v. Snell, 539 S.W.2d 363, 367 (Tex. Civ. App.–Houston
[1st Dist.] 1976, orig. proceeding) (citing Harney v. Pickens, 120 Tex. 268, 37 S.W.2d 717, 718
(Tex. 1931)). 
            Here, the record does not contain a copy of the motion allegedly filed by Relator. See Tex.
R. App. P. 52.7(a)(1). Moreover, the record furnished by Relator does not comply with the
requirements of Texas Rule of Appellate Procedure 52 and is therefore insufficient to show a request
for a ruling from the trial court followed by a refusal to rule. See Tex. R. App. P. 52. Consequently,
Relator is not entitled to the relief he seeks against the trial court. 
            As to the district clerk, we have no authority to issue a writ of mandamus against a district
clerk unless issuance of the writ is necessary to enforce our jurisdiction. See Tex. Gov’t Code Ann.
§ 22.221 (Vernon 2004). The record before us is insufficient to show that this is such a case. 
Accordingly, Relator’s petition for writ of mandamus is denied.
                                                                                                     SAM GRIFFITH 
                                                                                                               Justice
Opinion delivered February 16, 2005.
Panel consisted of Worthen, C.J. and Griffith, J.
Judge DeVasto, not participating.






(PUBLISH)