NO.
12-06-00344-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

 

IN RE: MAHMUD AMEEN
SEIFULLAH,           

A/K/A JIMMIE LEE
POWELL,      §          ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original mandamus proceeding, Mahmud Ameen Seifullah, also known as Jamie Lee
Powell, complains that the Gregg County District Clerk did not issue “summons
and complaint” and serve the defendants in the underlying action.  He further complains that the 188th Judicial
District Court of Gregg County, Texas has failed to issue an order on the “Plaintiff’s
Motion For Court Order[ed] Lien On Estate[’]s Financial Royalties.”  He seeks a writ of mandamus against the Gregg
County District Clerk and the trial court to require the performance of these
acts.  We deny the writs.

 

The District
Clerk

            A court of
appeals has the authority to issue writs of mandamus against a judge of a
district or county court in the court of appeals district and all writs
necessary to enforce its jurisdiction.  Tex. Gov’t Code Ann. § 22.221 (Vernon
2004).  A district clerk is not
specifically identified as one against whom a court of appeals may issue writs
of mandamus.  See id.
Therefore, in order for a district clerk to fall within our jurisdictional
reach, it must be established that the issuance of the writ of mandamus is
necessary to enforce our jurisdiction.  See
id.; In re Coronado, 980 S.W.2d 691, 692-93
(Tex. App.–San Antonio 1998, orig. proceeding). 
The record is insufficient to show that the exercise of our mandamus
authority against the Gregg County District Clerk is necessary to enforce our
jurisdiction.  Consequently, we have no
authority to issue a writ of mandamus to require the District Clerk to issue “summons
and complaint” and serve the defendants in the underlying action.

 

The Trial
Court

            Mandamus is
an extraordinary remedy available only in limited circumstances involving
manifest and urgent necessity and not for grievances that may be addressed by
other remedies.  Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992).  A
relator must satisfy three requirements to establish his entitlement to the
issuance of a writ of mandamus: (1) a legal duty to perform; (2) a demand for
performance; and (3) a refusal to act.  Stoner
v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).  Also, a party requesting relief must provide
a sufficient record to establish his entitlement to mandamus.  Walker, 827 S.W.2d at 837.

            When a
motion is properly filed and pending before a trial court, the act of
considering and ruling upon the motion is a ministerial act.  See Eli Lilly & Co. v. Marshall,
829 S.W.2d 157, 158 (Tex. 1992).  A trial
court must consider and rule upon a motion within a reasonable period of
time.  Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding).  Whether a reasonable time period has lapsed
depends on the circumstances of each case. 
Id.  To be entitled
to mandamus relief in the instant proceeding, Seifullah must show that the
trial court had a duty to rule on the motion and either refused to act after a
request for performance or made it clear that any such request was futile.  See Weber v. Snell, 539 S.W.2d
363, 367 (Tex. Civ. App.–Houston [1st Dist.] 1976, orig. proceeding) (citing Harney
v. Pickens, 120 Tex. 268, 37 S.W.2d 717, 718 (Tex. 1931)).            

            The record
in this proceeding does not contain a copy of the motion allegedly filed by
Seifullah.  See Tex. R. App. P. 52.7(a)(1).  Moreover, the record does not show a request
for a ruling from the trial court followed by a refusal to rule.  See Tex.
R. App. P. 52.  Consequently,
Seifullah has not shown that he is entitled to the relief he seeks against the
trial court.

            Disposition

            The writs of
mandamus are denied.

                                                                                                     SAM GRIFFITH    

                                                                                                               Justice

Opinion delivered October 25,
2006.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

(PUBLISH)