NO.
12-06-00425-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: MAHMUD AMEEN SEIFULLAH 

a/k/a JIMMIE LEE
POWELL,         §          ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original mandamus proceeding, Mahmud Ameen Seifullah, also known as Jimmie Lee
Powell, complains that the trial court has failed to issue an order on
Seifullah’s “Plaintiff’s Motion to Request the Court to Order Summons and
Complaint to be Served Upon Defendants” and “Plaintiff’s Motion For Court
Order[ed] Lien on Estate’s Financial Royalties.”[1]  The motions were signed on November 6,
2006.  Seifullah alleges that the motions
were filed with the district clerk, but the record does not show the date of
filing.

            Mandamus is
an extraordinary remedy available only in limited circumstances involving
manifest and urgent necessity and not for grievances that may be addressed by
other remedies.  Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992).  A
relator must satisfy three requirements to establish his entitlement to the
issuance of a writ of mandamus: (1) a legal duty to perform; (2) a demand for
performance; and (3) a refusal to act.  Stoner
v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).  When a motion is properly filed and pending
before a trial court, the act of considering and ruling upon the motion is a
ministerial act.  See Eli Lilly
& Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992).  A trial court must consider and rule upon a
motion within a reasonable period of time. 
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston
[1st Dist.] 1992, orig. proceeding).  

            To be
entitled to mandamus in this proceeding, Seifullah must show that the trial
court either refused to act after a request for performance or made it clear
that any such request was futile.  See
Weber v. Snell, 539 S.W.2d 363, 367 (Tex. Civ. App.–Houston [1st
Dist.] 1976, orig. proceeding) (citing Harney v. Pickens, 120
Tex. 268, 37 S.W.2d 717, 718 (Tex. 1931)). 
Merely alleging that something was filed with or mailed to the district
clerk does not satisfy that requirement. 
In re Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001,
orig. proceeding).  The record does not
show a request for a ruling from the trial court followed by a refusal to
rule.  Consequently, Seifullah has not
shown that he is entitled to mandamus relief. 
Accordingly, the petition for writ of mandamus is denied.  

 

 

 

                                                                                                     BRIAN HOYLE    

                                                                                                              Justice

 

 

Opinion delivered January 24,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]  The respondent is the Honorable David
Scott Brabham, Judge of the 188th Judicial District Court, Gregg County,
Texas.