COZBY v. CLIFTON et al.

No. 16300.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 19, 1954.

198

Morgan & Shropshire, and Cecil A. Morgan, Fort Worth, for relator.

Cantey, Hanger, Johnson, Scarborough & Gooch, and Jack C. Wessler, Fort Worth, for respondent.

PER CURIAM.

This is an original proceeding in the Court of Civil Appeals and is before this court upon the motion for leave to file the attached petition for mandamus, by which Grace Cozby, who was the plaintiff in the County Court at Law of Tarrant County, seeks to have Judge Drew S. Clifton compelled to enter a judgment upon a verdict returned by a jury in said court on date of December 2, 1953.

It appears that the verdict of the jury was returned into open court on December 2, 1953, and because of certain statements made by the foreman of the jury to the Judge of the court he was of the opinion that misconduct had ocurred, and he therefore entered an order declaring a mistrial. On December 7, 1953, Mrs. Cozby filed a motion for judgment based upon the verdict of the jury. The term of court ended on date of January 2, 1954.

From the petition for mandamus, which we examine in connection with determination of whether leave to file the same

should be granted, it is noted that the relator states merely that she filed her aforesaid motion for judgment and a brief of authorities in the trial court and that the term of court ended without any action thereon having been taken by the Judge of the court. Nowhere in the petition is there any allegation that any demand, written or oral, has been made upon the Judge to enter judgment upon the verdict of the jury. Neither is it alleged that the Judge had so conducted himself that the making of such demand would have been a useless act.

We believe the question here posed is correctly settled by the case of Dozier v. Wray, Tex.Civ.App.Waco, 1949, 222 S.W.2d 178, and the authorities there cited, and that relator's motion for leave to file her petition must be refused. The writ of mandamus will not issue to an inferior court to compel the performance of a duty where there has been no request or demand therefor and no refusal on the part of the inferior court to act within the time he is required to do so. In the Dozier case there was a motion for judgment filed just as one was in this case and it was pointed out that the relator had not laid the predicate requisite to any right to relief by the writ of mandamus because he had not made demand upon the court for the performance of the duty he desired the court to perform, followed by the refusal or neglect on the part of the court to act. It is true that in that case the term of court during which the trial judge had authority to act had not expired, and in the instant case the term of court expired January 2, 1954, and hence it would be impossible for Judge Clifton to enter a judgment for anyone upon a case tried before that time. This circumstance does not alter the jurisdictional prerequisites to the entertaining of the motion for it was not occasioned by the trial court or the processes of law free from any fault on the part of the relator.

Motion denied.