Elijah W. RATCLIFF, Relator,

v.

Hon. Lewis DICKSON, Judge, 125th District Court, Respondent.

No. 16156.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 19, 1973.

Elijah W. Ratcliff, pro se.

EVANS, Justice.

Relator, plaintiff in the trial court, filed an original proceeding in this court seeking leave to file Petition for Mandamus to compel the trial judge to enter summary judgment in his favor. Relator's motion for leave to file must be denied.

 Relator's motion indicates notification to opposing counsel as to time for hearing on his motion for summary judgment but does not reflect any request upon the trial court to set such motion for hearing nor that the trial court neglected or refused to act thereon. Thus, Relator has failed to establish the predicate requisite to the right of relief by writ of mandamus. Cozby v. Clifton, 265 S.W.2d 197 (Tex.Civ. App.—Ft. Worth 1954); Dozier v. Wray, 222 S.W.2d 178 (Tex.Civ.App.—Waco 1949). Furthermore, even if a hearing upon relator's motion for summary judgment and a denial thereof by the trial court be assumed, the record reflects that this court is without jurisdiction to grant relief by mandamus. Relator's motion for summary judgment is based upon a claim of title under Article 5509, Vernon's Ann. Texas Revised Civil Statutes, the five year statute of limitation. The courts of civil appeals have power to compel the trial judge to proceed to trial and judgment in a cause, Article 1824, T.R.C.S., but not the power to control the character of the judgment. Jones v. Smith, 470 S.W.2d 305 (Tex.Civ.App.—Houston, 1st Dist., 1971). The authority of the court of civil appeals, insofar as concerns ordering the entry of judgment, is limited to the ministerial act of entry of judgment upon established facts. Its authority upon petition for mandamus does not extend to the judicial function of determining whether the evidence demonstrates that a judgment should be rendered as a matter of law. Shamrock Fuel & Oil Sales Company v. Tunks, 406 S.W.2d 483 (Tex.Civ.App.); 416 S.W.2d 779 (Tex.Sup. 1967); Knox v. Craven, 248 S.W.2d 955 (Tex.Civ.App.—Galveston 1952).

The Relator's motion for leave to file petition for writ of mandamus is denied.