**Maria PALACIOS, Relator,**

**v.**

**Hon. Madison RAYBURN, Judge, 80th District Court, Respondent.**

**No. 16456.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 14, 1974.

An Original Proceeding

Paul R. Lawrence, Houston, for relator.

Foster, Wohlt, Lueders & Hope, Tom W. Foster, Houston, for respondent.

EVANS, Justice.

Maria Palacios, Relator, sought and obtained leave to file petition for writ of mandamus asking that the Honorable Madison Rayburn, Judge of the 80th Judicial District Court of Harris County, Texas, be compelled to enter an interlocutory default judgment against Quality Beverage Company, one of the defendants in the trial court. Relator asserted in her petition that Quality Beverage Company had failed to file answer on or before October 14, 1974, the time prescribed by law; that on October 30, 1974 she had sought to have interlocutory default judgment entered against said defendant but the trial judge had refused to enter such judgment suggesting that the cause be set down for hearing and that said defendant be compelled to show cause why a default judgment should not be entered. We granted Relator's leave to file petition for mandamus on October 31, 1974 and set the matter for hearing on November 5, 1974.

On November 4, 1974 Quality Beverage Company filed a response to Relator's petition for writ of mandamus asserting that on November 1, 1974 it had filed an answer in the case pending in the trial court and that having made its appearance, this court should not compel entry of an interlocutory judgment by default. Attached to its response is a certified copy of said defendant's answer filed in the trial court and an affidavit of its attorney stating that the reason he had not filed an answer on behalf of Quality Beverage Company in the trial court was his belief that the case had been settled.

While this court has power to compel a trial judge to effectuate its judgment in a cause, its authority is limited to the ministerial act of entry of judgment. Ratcliff v. Dickson, 495 S.W.2d 35 (Tex.

Civ.App.—Houston [1st] 1973, no writ). In determining whether or not a default judgment should be entered, the trial judge is required to ascertain the sufficiency of the petition and process. McDonald, Texas Civil Practice, 1971, Rev. Vol. 4, Sec. 17.23, pp. 110–122.

■ In the proceedings before us there appears a certified copy of the citation issued on August 2, 1974 directing service of plaintiff's first *amended* petition upon Quality Beverage Co., Inc., a corporation, by serving its registered agent, John B. Saragusa. The return on this citation recites service of plaintiff's *original* petition on John B. Saragusa "a reg. agent of the said corp." on September 17, 1974. Quality Beverage Co. was not made a party in the original petition. The determination of what pleading was actually served and whether the petition and process was otherwise sufficient involved the trial court's judicial function. Midwest Piping & Supply Co. v. Page, 128 S.W.2d 459 (Tex.Civ.App.—Beaumont 1939, error ref.). We cannot compel the trial judge to exercise this function in a particular way. Ratcliff v. Dickson, supra.

■ It further appears that at the time of the hearing of Relator's petition in this court, the matter had become moot. The trial court had neither entered nor announced any judgment prior to the time the answer was filed on behalf of Quality Beverage Co., Inc., and even though the prescribed time for filing had expired, a default judgment could not properly have been entered after the filing of the answer. World Co. v. Dow, 116 Tex. 146, 287 S.W. 241 (1926).

For the reasons stated, we are without authority to grant relief by mandamus.

Relator's petition for writ of mandamus is denied.