**Katie S. WELDER, Relator,**

v.

**The Honorable Barbara FRITZ, Respondent.**

No. 13–88–158–CV.

Court of Appeals of Texas, Corpus Christi.

May 26, 1988.

Pat Maloney, Sr., Charles A. Nicholson, San Antonio, for respondent.

Jack W. Marr, Victoria, for relator.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

This mandamus proceeding is brought in an effort to require respondent, a Family Law Master of the Fourth Administrative District, to disqualify the law firm of Kelly, Stephenson & Marr, P.C., from represent-

ing Patrick H. Welder, Jr., in a divorce proceeding against relator.

On April 18, 1988, respondent signed an order denying relator's Motion to Disqualify Attorneys Due to Prior Representation of Respondent and Her Husband, Patrick H. Welder, Jr.

At the outset the question of this Court's jurisdiction over this matter must be resolved.

At oral arguments, both parties were requested to address the question of this Court's jurisdiction to decide this matter. While each party indicated they believed we have such jurisdiction, each agreed to submit supplemental briefs on the subject. Subsequently, respondent filed a Motion to Dismiss for Want of Jurisdiction. In the brief filed in support of the motion, respondent contends we lack jurisdiction because the referring court did not sign an order "conforming" the master's report as required by the Tex.Gov.Code Ann. § 54.013 (Vernon Pamph.1988). In addition, it is argued that we lack jurisdiction because there is no order of referral of the matter as required by Tex.Gov't.Code Ann. § 54.006 (Vernon Pamph.1988). Relator has filed a Response to Motion to Dismiss for Want of Jurisdiction which contains a lengthy discussion of the procedural history of this case, copies of some documents not included in the original transcript and arguments supporting her contention that the Master Barbara Fritz performed her requisite, statutory duties.[1]

■ While respondent's arguments in the motion to dismiss are persuasive, and relator's response is interesting, we believe the problem involving our jurisdiction is more basic than the procedural rules in the Government Code relating to the powers and duties of Family Law Masters as raised and discussed by the parties with

---

1. In addition, on May 19, 1988, relator had delivered to the Court the following documents:
   1. Copy of recommendations of Master signed May 19, 1988, by Barbra H. Fritz;
   2. Unsigned "order" apparently submitted to the Honorable Clarence S. Stevenson, Judge in April 1988.
   3. Order signed on May 19, 1988 (a date long after this application for mandamus was filed,

after the case was submitted on oral argument and after the time set by the Court for relator to reply to respondent's brief or motion regarding jurisdiction) adopting the findings and conclusions of the master in this case.

Because of our disposition of this case, it is not necessary to comment on whether it would be proper for us to consider these documents.

regard to the order of referral or the lack of the order confirming the master's report (Sec. 54.006). We note that the order of the master overruling relator's motion to disqualify the law firm of Kelly, Stephenson & Marr, P.C. from representing Patrick H. Welder, Jr., recites specifically that "The parties, in open court, announced their agreement that all matters presented to the Master for hearing, would be treated as though heard by the District Court of competent jurisdiction, and all appeals from the orders of the Master would be to the Courts of Appeals ..." It is well settled, however, that appellate jurisdiction cannot be created by consent, stipulation of the parties, or waiver, either by the court or by the litigants. *Hogan v. G., C. & S.F. Railway Co.,* 411 S.W.2d 815, 816 (Tex.Civ.App. —Beaumont 1966, writ ref'd); *Consolidated Casualty Insurance Co. v. Wade,* 373 S.W.2d 841, 843 (Tex.Civ.App.—Corpus Christi 1963, writ dism'd).

That a Court of Appeals has the obligation to determine its jurisdiction of its own volition in each case is not open to question. *The Zoning Board of Adjustments of the City of Lubbock v. Graham & Associates,* 664 S.W.2d 430 (Tex.App.— Amarillo 1983, no writ); *Ex Parte Lewis,* 663 S.W.2d 153 (Tex.App.—Amarillo 1983) (orig. proceeding).

■ The extent of the writ power of courts of appeal is set out in Tex.Gov't. Code § 22.221 (Vernon Pamph.1988). Prior to the adoption of this code in 1983, the only original jurisdiction of intermediate appellate courts in Texas was to issue writs of mandamus or other writs necessary to enforce their appellate jurisdiction. *Taylor v. American Trust & Savings Bank,* 265 S.W. 727, 730 (Tex.Civ.App.—El Paso 1924, no writ); *See also Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985); *State v. Westergren,* 707 S.W. 2d 260, 261 (Tex.App.—Corpus Christi, 1986) (orig. proceeding).

Section 22.221 authorizes courts of appeals to issue writs of mandamus or other writs necessary to enforce its jurisdiction, issue writs of mandamus agreeable to principles of law regulating such writs against a judge of a district or county court in the appellate court's district, and issue writs of habeas corpus in certain instances.

■ The Honorable Barbara Fritz, the respondent, is a master appointed in accordance with Tex.Gov't.Code § 54.001 *et seq.* (Vernon Pamph.1988). She is not a judge of either a district or county court. In *Summit Savings Ass'n. v. Garcia,* 727 S.W.2d 106, 107 (Tex.App.—San Antonio, 1987) (orig. proceeding), the court held it did not have jurisdiction to mandamus the Bexar County District Clerk to release money on deposit in the registry of the court because that officer was not a judge as stated in the Government Code.

We hold that our general jurisdiction to issue writs of mandamus is limited to writs against judges of district and county courts within our district and since a family law master is neither of these, we lack jurisdiction to issue writs of mandamus relating to the master's orders. Accordingly, the writ of mandamus is denied for want of jurisdiction.

NYE, C.J., concurs.

NYE, Chief Justice, concurring.

I respectfully concur in the result reached by the majority. It is my opinion, however, that we improvidently granted leave to file the application for writ of mandamus, because the petition and record were incomplete at the time leave was sought.

Rule 121 of the Texas Rules of Appellate Procedure states that the petition shall include certain information and that it shall be in a form set out by the Rule. *See Wright v. Valderas,* 575 S.W.2d 405 (Tex. Civ.App.—Fort Worth 1978) (original proceeding); *Ratcliff v. Dickson,* 495 S.W.2d 35, 36 (Tex.Civ.App.—Houston [1st Dist.] 1973) (original proceeding). This is so because the Court, in considering the motion for leave to file, must be of the tentative opinion that relator is entitled to the relief sought. Otherwise, the motion should be overruled.

Rule 121(a)(2)(C) and (a)(4) require not only that the petition be accompanied by a

certified or sworn copy of the order complained of, but also *all other relevant exhibits*. This was not done. In this proceeding, the relator complains of the propriety of Kelly, Stephenson, and Marr, P.C., the real party in interest, in representing Patrick H. Welder, Jr. when the same law firm (and/or its successors to the original law firm) represented the relator, Katie S. Welder, during their many years of marriage. Respondent complained of specific instances that would amount to a conflict of interest in violation to the Code of Professional Conduct, all of which was supposedly heard before the Honorable Barbara Fritz, the master designated to hear certain portions of the divorce proceedings. No statement of facts of this hearing was included in the record accompanying the petition for leave to file the writ of mandamus in this Court. The statement of facts of this particular hearing before the master was one of the "relevant exhibits" and *record* that should have accompanied the petition. Although the relator complains of the order issued after the hearing conducted before the master, no statement of facts of that particular hearing was filed with the petition.

Other relevant exhibits were absent at the time the application for leave to file was presented to this Court. No order of referral of the case from the district court to the master was filed. Also, no order adopting the magistrate's findings and recommendations were filed. The rule says that the petition must state "all facts that are necessary to establish relator's right to the relief sought." Tex.R.App.P. 121(a)(2)(C). The petition did not state the underlying facts necessary to establish this court's jurisdiction to review the master's report. It was apparent at the outset that the petition of the relator was insufficient to entitle her to the relief requested.

After oral argument was heard, we requested the attorneys to file post-submission briefs. The relator subsequently attempted to update the record with crucial documents to establish our court's jurisdiction. It is my opinion that any documents necessary to establish this court's jurisdiction must be filed with the motion and petition and be in the record prior to the granting of leave to file in accordance with Rule 121. Rule 121(f) permits the relator, respondent or any other real party in interest to file "an additional brief of authorities and a verified answer ... five days prior to the date scheduled for oral argument, unless another time is designated by the Court." I do not interpret this to allow the post-submission filing by relator of a record of the earlier proceedings, exhibits or other information necessary to give this Court jurisdiction. Post-submission supplementation of records necessary to establish relator's right to relief in this Court changes the tenor of the case and creates uncertainty. Moreover, it is detrimental to the orderly proceedings in an appellate court.

I would not have granted leave to file the writ of mandamus.