**In re Johnnie TASBY.**

**No. 06–01–00041–CV.**

Court of Appeals of Texas, Texarkana.

Submitted March 14, 2001.

Decided March 15, 2001.

forced by contempt or otherwise.

Johnnie Tasby, Iowa Park, pro se.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Johnnie Tasby has filed a petition seeking a writ of mandamus. He asks this Court to order a district court to rule on a petition for writ of mandamus he had sought in that court and to render judgment in accordance with his petition.

 This Court may not prescribe the manner in which a trial court exercises its discretion, but we may, by mandamus, order a trial court to exercise its discretion in some manner. *Cooke v. Millard,* 854 S.W.2d 134, 135 (Tex.App.—Houston. [1st Dist.] 1992, orig. proceeding); *Jones v. Smith,* 470 S.W.2d 305, 307 (Tex.Civ. App.—Houston [1st Dist.] 1971, orig. proceeding). A trial court may not arbitrarily halt proceedings in a pending case, and mandamus will lie to compel a trial court to hear and rule on motions pending before it. *See Greenberg, Benson, Fisk & Fielder, P.C. v. Howell,* 685 S.W.2d 694, 695 (Tex.App.—Dallas 1984, orig. proceeding). Courts of appeals have the power to compel a trial court to proceed to trial and judgment in a case, but not the power to control the character of the judgment. *Ratcliff v. Dickson,* 495 S.W.2d 35, 36 (Tex.Civ.App.—Houston [1st Dist.] 1973, orig. proceeding).

 Further, if a court unnecessarily delays ruling, mandamus will also lie in appropriate situations. An appellate court has the authority to issue a writ of mandamus where the court fails to act within a reasonable time, so that the relator may either accept the ruling or attack it. *Kissam v. Williamson,* 545 S.W.2d 265 (Tex. Civ.App.—Tyler 1976, orig. proceeding). In *Kissam,* the court had the relator's motion under advisement for more than thirteen months and filed no response in the mandamus proceeding setting forth legal grounds to justify his delay in ruling. The Tyler Court of Appeals found that this failure to rule was a failure of the lower court to perform its duty to rule within a reasonable time.

Applying this holding, the Tyler Court of Appeals in *O'Donniley v. Golden,* 860 S.W.2d 267 (Tex.App.—Tyler 1993, orig. proceeding), declined relator's invitation to issue a writ entering the "correct" order, because it would be outside the scope of a mandamus proceeding. *See also Greenberg, Benson, Fisk & Fielder, P.C. v. Howell,* 685 S.W.2d at 695.

 In this case, it does not appear that the trial court has ruled on the petition for writ of mandamus. However, Tasby's allegations state that the matter has been before the trial court for only thirty days.

This does not show an inordinate delay that will justify mandamus relief.

 Further, the relief sought both from the lower court and from this Court appears to be a demand for release from incarceration pursuant to TEX.CODE CRIM. PROC. ANN. art. 1.07 (Vernon Supp.2001). That involves habeas corpus jurisdiction, which is solely in the purview of the Court of Criminal Appeals.

Tasby has not shown himself entitled to relief. The petition for writ of mandamus is denied.

GRANT, Justice, concurring.

I agree with the majority opinion, but write separately to point out that even in a case which has been heard and then taken under advisement by the court, a three month period is allowed for the court to make its ruling. TEX.R. JUDICIAL ADMIN. 7, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F App. (Vernon 1998). This is a rule of judicial administration adopted by the Supreme Court of Texas. This rule is set forth in Rule 7(2), which requires a district or statutory county court judge to rule on a case within three months after the case is taken under advisement.

The *Kissam* case cited by the majority is a case which had been taken under advisement for more than thirteen months, and the court correctly found that was too long. *Kissam v. Williamson*, 545 S.W.2d 265 (Tex.Civ.App.—Tyler 1976, orig. proceeding). In the present case, the relator complains that the court had not ruled, but it does not appear that the matter was ripe for decision or that it was taken under advisement by the court. However, even if the case was in the posture of being before the court but under advisement, the administrative rule set forth above would suggest that anything less than ninety days would not be an inordinate delay.