In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00143-CV


______________________________




IN RE:


KIM WAYNE BURDEN








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Kim Wayne Burden petitions this Court for a writ of mandamus because the Honorable
William Porter, 276th Judicial District Judge of Camp County, "has abused his dicretion [sic] in
refusing to address and correct the issues" presented in Burden's "Motion for Expungement of
Records." (1) Burden submits, with his petition for writ of mandamus, correspondence from the district
clerk stating that Burden's motion had been filed, that Judge Porter had "looked at the Motion," and
that the judge "stated that he would not be doing anything with this." Burden asks us to "remand [the
motion] back to the trial ct, [for] reconsideration and review on the merits of the motion so-as to
allow the petitioner access to courts and a[n] honorable, fair, ethical, result . . . ." Remand is a
remedy unique to appeals, and has no place in a mandamus proceeding. Even though a pro se
litigant is obligated to comport with the rules of procedure just as one represented by an attorney is
required to comply with them (2) we nonetheless construe Burden's pro se petition for writ of
mandamus with patience and liberality. See Barnes v. State, 832 S.W.2d 424, 426 (Tex.
App.--Houston [1st Dist.] 1992, orig. proceeding). Applying that liberality, we note two implied
demands in Burden's petition: (1) to compel the court to rule on Burden's motion, and (2) to compel
the trial court to grant Burden's motion. 

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). 

 We have the power to compel a trial court to consider and rule on a motion brought to the
court's attention within a reasonable amount of time. In re Bonds, 57 S.W.3d 456, 457 (Tex.
App.--San Antonio 2001, orig. proceeding); Barnes, 832 S.W.2d at 426; Kissam v. Williamson, 545
S.W.2d 265, 266-67 (Tex. App.--Tyler 1976, orig. proceeding). "When a motion is properly filed
and pending before a trial court, the act of giving consideration to and ruling upon that motion is a
ministerial act, and mandamus may issue to compel the trial judge to act." Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig. proceeding). But, while we
have jurisdiction to direct the trial court to exercise its discretion in some manner, we may not tell
the court what judgment it should enter. In re Tasby, 40 S.W.3d 190, 191 (Tex. App.--Texarkana
2001, orig. proceeding); Cooke v. Millard, 854 S.W.2d 134, 135 (Tex. App.--Houston [1st Dist.]
1992, orig. proceeding). Thus, Burden has no right to mandamus relief to (as he requests) "correct
the issues" through compelling the expunction of his records. 

 As for Burden's complaint that the trial court refused to address his motion, a "party's right
to mandamus relief generally requires a predicate request for some action and a refusal of that
request." In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999). While the mandamus record includes a
statement by the clerk that the court would not be doing anything on the motion, Burden presents no
indication that he ever presented his motion to the court, requested a hearing, or requested the court
rule on the motion. Burden essentially asks this Court to order what he himself has not requested. 
 This is not one of those rare cases when the presenting of the motion would be futile. Id. at
446 (finding codefendant's expressly denied request sufficient). On the record presented, we cannot
say that Burden has established his right to a writ of mandamus to compel the trial court to hear his
motion.

 The petition for writ of mandamus is denied.



 Bailey C. Moseley

 Justice


Date Submitted: December 6, 2007

Date Decided: December 7, 2007
1. The underlying motion seeks to have the court remove references to weapons, injury to
persons, or violence from Texas Department of Criminal Justice-Institutional Division records,
Texas Parole Board records, and any other records relating to underlying cause number 96-6608-CR. 
2. Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied).



v. State, 906 S.W.2d 58, 65 (Tex. App.--Tyler 1995, pet. ref'd); Whitworth
v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin 1991, pet. ref'd). There is no set formula of facts
that dictate a finding of links sufficient to support an inference of knowing possession of contraband.
Porter v. State, 873 S.W.2d 729, 732 (Tex. App.--Dallas 1994, pet. ref'd). Nonetheless, recognized
factors include whether: (1) the contraband was in plain view or recovered from an enclosed place;
(2) the accused was the owner of the premises or the place where the contraband was found; (3) the
accused was found with a large amount of cash; (4) the contraband was conveniently accessible to
the accused; (5) the contraband was found in close proximity to the accused; (6) a strong residual
odor of the contraband was present; (7) the accused possessed other contraband when arrested;
(8) paraphernalia to use the contraband was in view, or found on the accused; (9) the physical
condition of the accused indicated recent consumption of the contraband in question; (10) conduct
by the accused indicated a consciousness of guilt; (11) the accused attempted to flee; (12) the
accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) the
occupants of the premises gave conflicting statements about relevant matters; (15) the accused made
incriminating statements connecting himself or herself to the contraband; (16) the quantity of the
contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. 
See Lassaint v. State, 79 S.W.3d 736, 740-41 (Tex. App.--Corpus Christi 2002, no pet.); Kyte v.
State, 944 S.W.2d 29, 31-32 (Tex. App.--Texarkana 1997, no pet.). It is the logical force the
factors have in establishing the elements of the offense, not the number of them, that is important. 
In other words, we ask if there is evidence of circumstances, in addition to mere presence or
proximity, that adequately justifies the conclusion that the defendant knowingly possessed the
substance. Evans v. State, 202 S.W.3d 158, 161 n.9 (Tex. Crim. App. 2006); see generally King v.
State, 895 S.W.2d 701 (Tex. Crim. App. 1995).

 C. Fomby's Possession of the Contraband 

 Considering the framework just set out, we now turn to the facts of the case to determine if
sufficient evidence links Fomby to the 6.59 grams of cocaine found in the trash can. Penney parked
his patrol car behind Fomby's car and saw him get out of the vehicle, walk to the Moores' porch and
carry on a short conversation with someone, later identified as Dixie, at the Moores' front door. The
trash can in which the 6.59 grams of cocaine was found was on the Moores' porch adjacent to the
door. While Fomby spoke with Dixie, Penney looked through Fomby's car windows and saw an
open container of beer and a clear plastic bag containing a white powder. After leaving the Moores'
porch, Fomby spoke with Penney and admitted that the white powder was cocaine. 

 Dixie testified that a man she did not know knocked on her door and asked if the Moores' car
was for sale, and she told him "no." There was no "for sale" sign on the car or in the Moores' yard. 
After the conversation, as Dixie was closing the door, she saw "him lean over and try to stuff
something inside the trash can," "like he was pushing something down toward the bottom." (6) She
explained to her husband, Sam, what happened; he searched the trash can, found the plastic bag
containing 6.59 grams of cocaine, and alerted Penney. The bag of cocaine was "wrapped similarly"
to the plastic bag of cocaine in Fomby's car. 

 When faced with a record that supports conflicting inferences, we presume the trier of fact
resolved any conflict in support of the verdict. See id. at 164 n.19; Matson v. State, 819 S.W.2d 839,
846 (Tex. Crim. App. 1991). "The jury is the exclusive judge of the credibility of witnesses and of
the weight to be given testimony, and it is also the exclusive province of the jury to reconcile
conflicts in the evidence." Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). In
resolving conflicts in the evidence, a jury "may accept one version of facts and reject another or
reject any of a witness' testimony." Baker v. State, 986 S.W.2d 271, 276 (Tex. App.--Texarkana
1998, pet. ref'd). 

 Here, Fomby's presence and actions at the Moores' residence indicated suspicious
circumstances. The contraband was found in close proximity to Fomby, recovered from an enclosed
place, and was conveniently accessible to Fomby. Other contraband was found in Fomby's
possession. The logical force of the evidence is sufficient for a jury to reasonably infer that Fomby
placed the bag of cocaine in the trash can, and therefore, the bag of cocaine was knowingly under
Fomby's care, custody, control, or management. Cf. Evans, 202 S.W.3d at 162. There is ample
evidence supporting the verdict from which a rational jury could find the elements of possession of
a controlled substance beyond a reasonable doubt. The evidence is not so weak that the jury's verdict
is clearly wrong and manifestly unjust. 


 We overrule Fomby's points of error and affirm the judgment of the trial court. 


 Jack Carter

 Justice


Date Submitted: September 16, 2009

Date Decided: October 2, 2009


Do Not Publish 

1. Eight plastic bags of white powder were found in the trash can; however, only the bag
containing 6.59 grams of cocaine was tested for verification of its contents. 
2. Fomby admits that he possessed the 0.6 grams of contraband found in the vehicle, but
specifically challenges the charge that he possessed the 6.59 grams of cocaine found in the trash can.
3. Laster v. State, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009).
4. Id. at 518-19. 
5. We find the trial court's charge to the jury to have been in substantial, if not complete,
compliance with the applicable law, and thus, the equivalent of a hypothetically correct charge. 
6. Sam did not see with whom Dixie was speaking; however, he positively identified Fomby
as the man speaking with Penney. Dixie testified Fomby was similar in appearance to the man that
knocked on her door, but she could not positively identify Fomby as the same man.