In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00013-CV


______________________________





IN RE: KIM WAYNE BURDEN








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Kim Wayne Burden's burden is to have expunged his 1996 conviction entered by the 276th
Judicial District Court in Camp County, the Honorable William Porter presiding. When Burden
previously sought mandamus relief from this Court to require Judge Porter to rule on Burden's
motion for expungement, we denied the requested relief December 7, 2007. Seven days later,
according to Burden, he mailed to the Camp County District Clerk a motion to compel the trial court
to rule on his motion to expunge.

 Now, Burden again seeks a writ of mandamus from this Court. As in his prior petition, he
complains of inaction by the trial court on the motion for expungement. We deny the requested
relief.

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992).

 In proper cases, when a pending motion has been brought to the trial court's attention, we can
compel that court to consider and rule on that motion within a reasonable amount of time. In re
Bonds, 57 S.W.3d 456, 457 (Tex. App.--San Antonio 2001, orig. proceeding); Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding); Kissam v. Williamson,
545 S.W.2d 265, 266-67 (Tex. Civ. App.--Tyler 1976, orig. proceeding). The act of considering
and ruling on a properly filed and pending motion is a ministerial act; thus, mandamus may issue
compelling some action. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.--San
Antonio 1997, orig. proceeding). 

 In our denial of Burden's previous petition, we pointed out that there was no indication that
he had presented the motion to the trial court, asked the court to hold a hearing, or requested that the
court rule on the motion. We noted that Burden was asking this Court to "order what he himself has
not requested." In re Burden, No. 06-07-00143-CV, 2007 Tex. App. LEXIS 9498, at *4 (Tex.
App.--Texarkana Dec. 7, 2007, orig. proceeding).

 In the current petition, Burden now states that he has mailed a motion to compel the trial
court to rule on his motion for expungement of records. A copy of the motion, dated December 14,
2007, is attached to his petition. The motion is not filemarked, and there is nothing to indicate that
it was received or filed by the district clerk. 

 Burden states in his petition to this Court that the trial court has not only refused to rule on
the motion, but has now refused to even acknowledge receipt of the motion to compel, thus denying
his right to access to the courts because he is serving a sentence based on a weapons use for which
he was not convicted. He then goes on to ask this Court to compel Judge Porter to rule "[c]orrecting
or applying the law as the law dictates" in Burden's conviction as "outlined in the MOTION FOR
EXPUNGEMENT." We identify three defects in Burden's current petition.

 First, although Burden states that the trial court has refused to rule on, or to acknowledge
receipt of, his motion, there is nothing to support that statement except for a certificate of service
which states only that the motion to compel was deposited in prison mail. It does not specify to
whom it was addressed and there is nothing to indicate that any appropriate party received the
motion. Still, nothing suggests that the motion to compel or the motion to expunge has been brought
to the attention of the trial court.

 Second, it appears that the relief sought is not so much to require the court to rule, which is
typically the proper request, but that we direct the court to rule in Burden's favor. As we also stated
in our prior opinion, while we have jurisdiction to direct the trial court to exercise its discretion in
some manner, we may not tell the court what judgment it should enter. In re Tasby, 40 S.W.3d 190,
191 (Tex. App.--Texarkana 2001, orig. proceeding).

 Third, even if we assume that the motion to compel was both mailed to the proper address
and received and filed, we emphasize that the asserted date of mailing was December 14, 2007.

 Trial courts are required to consider and rule upon motions within a reasonable time. Barnes,
832 S.W.2d at 426; Kissam, 545 S.W.2d at 266-67. Determining what time period is reasonable is
not subject to exact formulation. Whether the trial court has acted within a reasonable period of time
depends on the circumstances of the case. Barnes, 832 S.W.2d at 426. Moreover, no bright line
marks the boundaries of a reasonable time period. In re Keeter, 134 S.W.3d 250, 253 (Tex.
App.--Waco 2003, orig. proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo
2001, orig. proceeding).

 Although eighteen months is clearly too long, supporting mandamus relief, In re Ramirez,
994 S.W.2d 682, 684 (Tex. App.--San Antonio 1998, orig. proceeding), as is thirteen months,
Kissam, 545 S.W.2d 265, the maximum possible delay posed here would not be so clearly
unreasonable. 

 As pointed out by the Amarillo Court of Appeals, 

 Its scope [reasonable time to rule] is dependent upon a myriad of criteria, not the
least of which is the trial court's actual knowledge of the motion, its overt refusal to
act on same, the state of the court's docket, and the existence of other judicial and
administrative matters which must be addressed first. Ex parte Bates, 65 S.W.3d 133
(Tex. App.--Amarillo 2001, orig. proceeding). So too must the trial court's inherent
power to control its own docket be factored into the mix. See Ho v. University of
Texas at Arlington, 984 S.W.2d 672, 694-95 (Tex. App.--Amarillo 1998, pet.
denied) (holding that a court has the inherent authority to control its own docket).


Chavez, 62 S.W.3d at 228-29.

 For all of these reasons, we conclude that Burden has not shown himself entitled to the
extraordinary remedy of mandamus. Therefore, we deny his petition.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 29, 2008

Date Decided: January 30, 2008



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00069-CV

                                                ______________________________

 

 

 

                                         IN THE MATTER
OF D.A.B.

 

 

                                                                                                  


 

 

                 On Appeal from the County Court at Law
No. 1, Sitting as a Juvenile Court

                                                           Angelina County, Texas

                                                             Trial
Court No. 3647

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            D.A.B.
had been found to have engaged in delinquent conduct (aggravated robbery) and
was committed to the care, custody, and control of the Texas Youth Commission
(TYC) for a determinate sentence of ten years.  After having served less than three years of
the determinate sentence, the County Court at Law of Angelina County, sitting
as a juvenile court, ordered D.A.B.s transfer from the TYC to the Texas
Department of Criminal Justice (TDCJ). 
D.A.B. has appealed this order, alleging that the trial court erred in
ordering that transfer.[1]  The State apparently opted to file no brief
(even after notice that such a brief was overdue), and this matter was
submitted for consideration.

            Section
61.084(e) of the Texas Human Resources Code prohibits the TYC from retaining
custody of a youthful offender beyond his nineteenth birthday.  See Tex.
Hum. Res. Code Ann. § 61.084(e), (g) (Vernon Supp. 2010).  If the youthful offender had been found to
engage in conduct constituting a first-degree felony, the TYC is prohibited
from releasing a child on parole without approval of the juvenile court that
entered the order of commitment unless the youthful offender had served three
years of his determinative sentence.  See
Tex. Hum. Res. Code Ann. § 61.081(f)
(Vernon 2001).  Because D.A.B. would
become nineteen years old before he had completed three years of his
determinate sentence for aggravated robbery, D.A.B. did not qualify for release
on parole from the TYC.  In determining
whether the youthful offender should be released on parole,  the trial
court may consider:  (1) the experiences
and character of the person before and after commitment to the youth commission;
(2) the nature of the penal offense that the person was found to have
committed and the manner in which the offense was committed; (3) the
abilities of the person to contribute to society, the protection of the victim
of the offense or any member of the victims family; (4) the recommendations
of the youth commission and prosecuting attorney; (5) the best interests of
the person; and (6) any other factor relevant to the issue to be decided.  Tex.
Fam. Code Ann. § 54.11(k)
(Vernon Supp. 2010).  The trial court may
either return the youth to the TYC without authority to transfer to the TDCJ or
transfer the youthful offender to the TDCJ for the balance of the determinate
sentence.  Tex. Fam. Code Ann. § 54.11(i) (Vernon Supp. 2010).  We review the trial courts decision under an
abuse of discretion standard.  In re J.B.L., 318 S.W.3d 544 (Tex. App.Beaumont
2010, pet. filed); In re F.D.,
245 S.W.3d 110, 113 (Tex. App.Dallas 2008, no pet.).  A trial court abuses its discretion if it
acts arbitrarily and unreasonably or without reference to any guiding
principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 24142 (Tex. 1985).  

            Leonard
Cucolo, a court liason for the TYC, testified that the recommendation of the TYC
was for D.A.B. to be transferred to the TDCJ. 
Cucolo testified that D.A.B., who was on his second commitment to the TYC,
had not made significant progress in his treatment program.  Cucolo testified D.A.B. had thirty-seven
incidents of misconduct, including the possession of contraband and assaults,
had been given thirty-four referrals, and had been placed in a secured unit on
ten occasions during the approximate twenty-one-month period he had been in the
custody of the TYC.  According to Cucolo,
these incidents demonstrated that D.A.B. posed a risk of committing crimes if
released into an environment that was less structured than that maintained at the
TYC.  Cucolo further testified that he
did not believe that D.A.B. had completely internalized the necessary values
and treatment objectives in order for him to be safe in the community.  On the positive side, Cucolo admitted D.A.B.
did well academically, had completed his GED, had obtained seventeen credits
toward his high school diploma, and had received a certificate in air
conditioning repair.  When presented with
a residential pack containing an assessment of D.A.B.s level of risk, Cucolo
admitted the highest risk factor was aggression, with a twenty percent chance
of risk.  Cucolo also admitted D.A.B. had
a number of protective factors, which are an assessment of facts that reduce
the likelihood of reoffending.  Cucolo,
however, testified the residential pack indicates a high level of risk.  

            D.A.B.
testified his progress through the four phases of the rehabilitation process[2]
was delayed by the appeal of his commitment order.  D.A.B. testified that he could not progress
to phase three because the TYC wanted D.A.B. to admit his guilt of the offense
causing him to have been committed to the TYC.[3]  D.A.B. maintained he had not committed the
conduct he had been accused of committing. 
When asked whether twenty of the incident reports were disruptions or
attitude, D.A.B. replied, Yes sir. 
D.A.B. testified that in an incident wherein it was alleged that he had
engaged in an assault while in the TYCs custody, he had only been blocking
blows from another youth and had not been fighting.  D.A.B. testified he had completed the Alcohol
and Other Drug Program at Giddings State School.  The defense introduced a transcript from the
Giddings State School which showed that D.A.B. had earned twenty of the
twenty-two credits needed to receive a high school diploma.  D.A.B. had completed three hours of college
level courses through Navarro College and had maintained a 3.0 grade-point
average.  

            We
cannot say the trial court abused its discretion in ordering D.A.B. to be
transferred to the custody of the Institutional Division of the TDCJ.  The trial court was presented with evidence
of D.A.B.s repeated disruptive and uncooperative behavior during his time at the
TYC, the nature of the delinquent conduct, the recommendations of the TYC,
D.A.B.s age, and the fact that D.A.B. had been confined at the TYC for less
than three years of his assessed ten-year sentence.  We are unable to conclude the trial courts
decision was arbitrary or capricious.  

            For the reasons stated, we affirm.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          December 1, 2010

Date Decided:             December 2, 2010











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.
 See Tex. Govt Code Ann. § 73.001 (Vernon 2005).  We are unaware of any conflict between
precedent of the Twelfth Court of Appeals and that of this Court on any
relevant issue.  See Tex. R. App. P. 41.3.





[2]Cucolo
testified that there are four stages of the rehabilitation process and that
D.A.B. had been promoted to stage four in December 2009.  

 





[3]Cucolo
testified a youthful offender would be required to acknowledge the offense for
which they were committed during stage three of the process and the youthful
offender must successfully complete stage three before moving to stage four.  We note that D.A.B. argues, on appeal, that
the trial courts consideration of D.A.B.s failure to complete the four stages
of the rehabilitation process violated his constitutional right to remain
silent.  D.A.B. testified that the TYC
delayed his progression to stage four because he refused to admit that he
committed the delinquent conduct for which he was committed.  D.A.B. cites J.S.L. v. State, No. 05-96-00690-CV, 1997 Tex. App. LEXIS 3289
(Tex. App.Dallas June 25, 1997, no writ) (not designated for publication)
(trial courts comment on lack of remorse indicated improper consideration of
defendants right to remain silent), in support of his argument.  First, memorandum or unpublished opinions are
not binding precedent.  Second, unlike J.S.L., there is no indication in the
record that the trial court considered D.A.B.s refusal to admit that he
committed the delinquent conduct. 
Finally, this issue has not been preserved for appellate review.  D.A.B. did not object to Cucolos testimony
that D.A.B. failed to progress through all the stages of the TYC rehabilitation
process.  The issue of whether Cucolos
testimony violated D.A.B.s right to remain silent was never presented to the
trial court and has not been preserved for appellate review.  Tex.
R. App. P. 33.1.