

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00013-CV
_____

IN RE: KIM WAYNE BURDEN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Kim Wayne Burden's burden is to have expunged his 1996 conviction entered by the 276th Judicial District Court in Camp County, the Honorable William Porter presiding. When Burden previously sought mandamus relief from this Court to require Judge Porter to rule on Burden's motion for expungement, we denied the requested relief December 7, 2007. Seven days later, according to Burden, he mailed to the Camp County District Clerk a motion to compel the trial court to rule on his motion to expunge.

Now, Burden again seeks a writ of mandamus from this Court. As in his prior petition, he complains of inaction by the trial court on the motion for expungement. We deny the requested relief.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

In proper cases, when a pending motion has been brought to the trial court's attention, we can compel that court to consider and rule on that motion within a reasonable amount of time. *In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976, orig. proceeding). The act of considering

2

and ruling on a properly filed and pending motion is a ministerial act; thus, mandamus may issue compelling some action. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

In our denial of Burden's previous petition, we pointed out that there was no indication that he had presented the motion to the trial court, asked the court to hold a hearing, or requested that the court rule on the motion. We noted that Burden was asking this Court to "order what he himself has not requested." *In re Burden*, No. 06-07-00143-CV, 2007 Tex. App. LEXIS 9498, at *4 (Tex. App.—Texarkana Dec. 7, 2007, orig. proceeding).

In the current petition, Burden now states that he has mailed a motion to compel the trial court to rule on his motion for expungement of records. A copy of the motion, dated December 14, 2007, is attached to his petition. The motion is not filemarked, and there is nothing to indicate that it was received or filed by the district clerk.

Burden states in his petition to this Court that the trial court has not only refused to rule on the motion, but has now refused to even acknowledge receipt of the motion to compel, thus denying his right to access to the courts because he is serving a sentence based on a weapons use for which he was not convicted. He then goes on to ask this Court to compel Judge Porter to rule "[c]orrecting or applying the law as the law dictates" in Burden's conviction as "outlined in the MOTION FOR EXPUNGEMENT." We identify three defects in Burden's current petition.

First, although Burden states that the trial court has refused to rule on, or to acknowledge receipt of, his motion, there is nothing to support that statement except for a certificate of service which states only that the motion to compel was deposited in prison mail. It does not specify to whom it was addressed and there is nothing to indicate that any appropriate party received the motion. Still, nothing suggests that the motion to compel or the motion to expunge has been brought to the attention of the trial court.

Second, it appears that the relief sought is not so much to require the court to rule, which is typically the proper request, but that we direct the court to rule in Burden's favor. As we also stated in our prior opinion, while we have jurisdiction to direct the trial court to exercise its discretion in some manner, we may not tell the court what judgment it should enter. *In re Tasby*, 40 S.W.3d 190, 191 (Tex. App.—Texarkana 2001, orig. proceeding).

Third, even if we assume that the motion to compel was both mailed to the proper address and received and filed, we emphasize that the asserted date of mailing was December 14, 2007.

Trial courts are required to consider and rule upon motions within a reasonable time. *Barnes*, 832 S.W.2d at 426; *Kissam*, 545 S.W.2d at 266–67. Determining what time period is reasonable is not subject to exact formulation. Whether the trial court has acted within a reasonable period of time depends on the circumstances of the case. *Barnes*, 832 S.W.2d at 426. Moreover, no bright line marks the boundaries of a reasonable time period. *In re Keeter*, 134 S.W.3d 250, 253 (Tex.

4

App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Although eighteen months is clearly too long, supporting mandamus relief, *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding), as is thirteen months, *Kissam*, 545 S.W.2d 265, the maximum possible delay posed here would not be so clearly unreasonable.

As pointed out by the Amarillo Court of Appeals,

> Its scope [reasonable time to rule] is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Ex parte Bates*, 65 S.W.3d 133 (Tex. App.—Amarillo 2001, orig. proceeding). So too must the trial court's inherent power to control its own docket be factored into the mix. *See Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694–95 (Tex. App.—Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket).

*Chavez*, 62 S.W.3d at 228–29.

For all of these reasons, we conclude that Burden has not shown himself entitled to the extraordinary remedy of mandamus. Therefore, we deny his petition.


Josh R. Morriss, III
Chief Justice

Date Submitted:     January 29, 2008
Date Decided:       January 30, 2008