In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00037-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

JOHN
WAYNE CHARLESTON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            John Wayne Charleston has asked the
Fifth Judicial District Court to convene a court of inquiry.  See
generally Tex. Code Crim. Proc. Ann.
art. 52.01 (Vernon 2006).  Because
Charleston’s initial request, filed in October 2008, has not been acted on, he
petitions this Court for mandamus relief, to direct the trial court to rule on
his request.[1]

            Mandamus issues only when the
mandamus record establishes (1) a clear abuse of discretion or the violation of
a duty imposed by law, and (2) the absence of a clear and adequate remedy at law.  Cantu
v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).

            Consideration of a motion that is
properly filed and before the trial court is a ministerial act, and mandamus
may issue to compel the trial court to act. 
See Eli Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992).  A trial court is required to consider
and rule on a properly filed and pending motion within a reasonable time. See In
re Shaw, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding); In re Tasby, 40 S.W.3d 190, 191 (Tex.
App.—Texarkana 2001, orig. proceeding). 
In proper cases, mandamus may issue to compel the trial court to
act.  In
re Kleven, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig.
proceeding); Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); see also Marshall, 829 S.W.2d at 158 (trial court abuses discretion by
refusing to conduct hearing and render decision on motion); Chiles v. Schuble, 788 S.W.2d 205, 207
(Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus an
appropriate remedy to require trial court to hold hearing and exercise
discretion).[2]

            Determining what time period is
reasonable is not subject to exact formulation. 
Whether the trial court has acted within a reasonable period of time
depends on the circumstances of the case. Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding).  Moreover, no bright line
separates a reasonable time period from an unreasonable one.  In re
Keeter, 134 S.W.3d 250, 253 (Tex. App.—Waco 2003, orig. proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.—Amarillo 2001, orig. proceeding). 
What is a reasonable time to rule is dependent on a myriad of criteria,
not the least of which is the trial court’s actual knowledge of the motion, its
overt refusal to act on same, the state of the court’s docket, and the
existence of other judicial and administrative matters which must be addressed
first.  Ex parte Bates, 65 S.W.3d 133 (Tex. App.—Amarillo 2001, orig.
proceeding).  The trial court’s inherent
power to control its own docket must also be factored into the mix.  See
Ho v. Univ. of Tex. at Arlington, 984
S.W.2d 672, 694–95 (Tex. App.—Amarillo 1998, pet. denied) (court has inherent
authority to control its own docket).

            From the record before us, it
appears that, on October 24, 2008, Charleston filed his request that a court of
inquiry be convened.[3]
 On or about June 16, 2009, he wrote the
trial court asking the status of his request; on December 15, 2009, he sent a
document to the trial court asking “for a hearing and ruling on his complaint
seeking a court of inquiry.”  On January
10, 2010, he filed a motion with the trial court asking the trial court “ORDER
CONVENED THE PROCEEDINGS OF A COURT OF INQUIRY.” 

            Since Charleston filed his petition
to this Court, we have received notice that the trial judge has recused
himself, citing his involvement as Charleston’s appellate counsel following
Charleston’s conviction.  We are also
advised that a visiting judge has since been appointed and that the visiting
judge has scheduled a hearing for May 26, 2010, to address the issue of
Charleston’s standing to request a court of inquiry.  Since it appears that the visiting judge is
proceeding on Charleston’s motion below, we cannot say the visiting judge is
acting at an unreasonable pace.[4]  We do not grant mandamus relief when it would
be of no practical effect, or “if for any reason it would be useless or
unavailing.”  Dow Chem. Co. v. Garcia, 909 S.W.2d 503, 505 (Tex. 1995) (quoting Holcombe v. Fowler, 118 Tex. 42, 9
S.W.2d 1028 (1928)).

            We deny Charleston’s petition for writ
of mandamus.

 

 

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date
Submitted:          May 11, 2010

Date
Decided:             May 12, 2010

 

Do
Not Publish

 











[1]Charleston’s
prayer, at the conclusion of his petition for mandamus relief, asks us to
“ISSUE A WRIT OF MANDAMUS COMPELLING A STATE INTEREST TEST AND A DECLARATORY
JUDGMENT AGAINST THE RESPONDENT DECLARING THAT THE RESPONDENT HAS VIOLATED THE
RELATOR’S CONSTITUTIONAL RIGHTS UNDER THE DUE PROCESS AND EQUAL PROTECTION
CLAUSE OF THE FOURTEENTH[] AND SET ORDER RESPONDENT IMPLY [sic] TO ART. 52[.01].”  From the text of his petition, though, we
infer that he seeks to compel the trial court to rule on his request for a
court of inquiry.





[2]While
we have jurisdiction to direct the trial court to make a decision, we may not
tell the court what that decision should be.  Crofts
v. Court of Civil Appeals, 362 S.W.2d 101, 105 (Tex. 1962); State ex rel. Hill v. Court of Appeals for
Fifth Dist., 34 S.W.3d 924, 927 n.3 (Tex. Crim. App. 2001); O’Donniley v. Golden, 860 S.W.2d 267,
269–70 (Tex. App.—Tyler
1993, orig. proceeding).

 





[3]Whether
to convene a court of inquiry is a discretionary matter:  

 

When
a judge of any district court of this state, acting in his capacity as
magistrate, has probable cause to believe that an offense has been committed
against the laws of this state, he may request that the presiding judge of the
administrative judicial district appoint a district judge to commence a Court
of Inquiry.

 

Tex. Code Crim. Proc. Ann. art. 52.01(a).

 





[4]We
point out that, while Charleston’s initial motion to the trial court was filed
almost eighteen months ago, only in December 2009, fourteen months after filing
his motion, did Charleston ask the trial court to have a hearing and rule on
the motion.