# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00310-CV

**In re Daniel Craig Halley**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Daniel Craig Halley, an inmate proceeding pro se, has filed a petition for writ of mandamus, asking this Court to compel the 299th District Court of Travis County to rule on his motion for judgment nunc pro tunc, which seeks to correct what Halley claims is a clerical error relating to court costs in his 2014 judgment of conviction for the offense of driving while intoxicated. Attached to his petition is a copy of the motion and judgment; a signed certified-mail receipt addressed to the district court; and a copy of a letter that Halley subsequently mailed to the district-court judge, in which Halley requested a ruling on his motion.

To be entitled to mandamus relief, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial.[1] An act is ministerial if it does not involve the exercise

---

[1] *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

of any discretion and the relator has a clear right to relief.[2]  The relief sought must be clear and indisputable, such that its merits are beyond dispute.[3]

"'[C]onsideration of a motion properly filed and before the court is ministerial.'"[4] When a mandamus petition is based on an allegation that a trial court has failed to rule on a properly filed motion, the relator will not be entitled to mandamus relief unless he establishes that the trial court:  (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused to rule on the motion or failed to rule within a reasonable time.[5]

What is considered a reasonable amount of time depends on the circumstances of each case.[6]  No bright-line rule demarcates the boundaries of a reasonable time period.[7]  "Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first."[8]  "So too must the trial court's inherent power

---

[2]  *Hill*, 34 S.W.3d at 927; *In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.—Dallas 2005, orig. proceeding).

[3]  *See Hill*, 34 S.W.3d at 927-28; *Daisy*, 156 S.W.3d at 924.

[4]  *Hill*, 34 S.W.3d at 927 (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (opinion on reh'g)).

[5]  *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

[6]  *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

[7]  *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

[8]  *Id*.

to control its own docket be included in the mix."[9] Moreover, the relator has the burden to provide us with a record sufficient to establish his right to mandamus relief.[10] Accordingly, in this case, Halley is required to show that a properly filed motion has awaited disposition for an unreasonable period of time.[11]

Here, the record indicates that Halley's motion was received by the district court via certified mail on January 29, 2015, less than six months ago. The record also contains a letter from Halley to the district-court judge, informing the judge of the motion and requesting a ruling. The letter is dated March 18, 2015, less than four months ago.

This record is not sufficient to show that Halley is entitled to a writ of mandamus. Although the motion was apparently received by the district court, there is no file stamp on the motion or other evidence indicating whether the motion was actually filed by the district court and, if so, how long it has been pending on the district court's docket. Moreover, there is nothing in the record to indicate when, or if, the district-court judge actually received the letter that Halley claims to have mailed to her. Unlike the motion, the letter does not appear to have been sent via certified mail. Also, there is no file stamp on the letter, and the record does not include a copy of the envelope that contained the letter, which could have revealed an address, postmark, or other evidence

---

[9] *Id.*

[10] *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

[11] *See Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), (2) (relator must file with petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding").

tending to show when and to where the letter was mailed. Finally, even assuming that the motion was filed on or around the date it was received and that the district-court judge was made aware of the motion on or around the date specified in the letter, we cannot conclude on this record that either four months or six months constitutes an unreasonable length of time for the motion to remain pending.[12] Absent a showing that the particular circumstances of the case demand a more expeditious ruling, a longer period of time is usually required to elapse before a trial court is compelled to rule on a properly filed motion.[13] No such showing was made here. On this record, we cannot conclude that Halley is entitled to the extraordinary relief requested.

---

[12] *See, e.g.*, *Blakeney*, 254 S.W.3d at 662-63 (delay of between five to seven months not unreasonable based on circumstances of that case); *In re Villarreal*, 96 S.W.3d at 711 (concluding that five-month delay is not per se unreasonable); *Bates*, 65 S.W.3d at 136 (six-month delay from date of filing of motions and seven-week delay from date of bringing motions to court's attention not considered unreasonable); *In re Chavez*, 62 S.W.3d 225, 229 (Tex. App.—Amarillo 2001, orig. proceeding) (two-month delay not unreasonable); *see also In re Moffitt*, No. 07-13-0041-CV, 2013 Tex. App. LEXIS 1650, at *3 (Tex. App.—Amarillo Feb. 20, 2013, no pet.) (per curiam) (delay of between five and six months not unreasonable); *In re Garrett*, No. 07-09-0336-CV, 2009 Tex. App. LEXIS 8933, at *6-7 (Tex. App.—Amarillo Nov. 18, 2009, no pet.) (delay of between four and five months not unreasonable).

[13] *See, e.g.*, *City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (thirteen-month delay unreasonable); *In re Tasby*, 40 S.W.3d 190, 191 (Tex. App.—Texarkana 2001, orig. proceeding) (same); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) (eighteen-month delay considered unreasonable); *Kissam v. Williamson*, 545 S.W.2d 265, 266-67 (Tex. Civ. App.—Tyler 1976, orig. proceeding) (delay of over one year considered unreasonable); *see also In re Bates*, No. 14-13-00347-CV, 2013 Tex. App. LEXIS 5875, at *1-8 (Tex. App.—Houston [14th Dist.] May 14, 2013, no pet.) (mem. op.) (delay of over ten months unreasonable in suit affecting parent-child relationship); *In re Armstrong*, No. 06-11-00100-CV, 2011 Tex. App. LEXIS 9080, at *1-3 (Tex. App.—Texarkana Nov. 16, 2011, orig. proceeding) (mem. op.) (thirteen-month delay unreasonable).

The petition for writ of mandamus is denied.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Filed:   July 14, 2015

5