

NUMBER 13-13-00469-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___

IN RE FIRST MERCURY INSURANCE COMPANY

___

On Petition for Writ of Mandamus.

___

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion[1] by Justice Perkes

By petition for writ of mandamus, First Mercury Insurance Company ("First Mercury") contends that the trial court erred in refusing to timely rule on its plea to the jurisdiction.[2] We conditionally grant mandamus relief.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] As stated in more detail herein, the underlying lawsuit was originally filed in County Court at Law No. 2 of Hidalgo County, Texas, the Honorable Jay Palacios presiding. The lawsuit was thereafter transferred to County Court at law No. 8 of Hidalgo County, Texas, the Honorable Rolando Cantu presiding. Judge Cantu is the respondent in this original proceeding. *See* TEX. R. APP. P. 52.2.

1

## I. BACKGROUND

Real parties in interest, Estaban Hurtado, Gerardo Hurtado, San Juanita Davila, and Cristela Hurtado individually and as next friend of Juan Luis Huerta III, Misael Alejandro Huerta, and Britney Anaid Huerta, brought suit against Adrian Garcia d/b/a Magnum Force Security, First Mercury, and the administratrix of the estate of Juan Jose Gamez, deceased, and the heirs at law (the "Gamez parties") for the wrongful deaths of Alma Rosa Huerta and Juan Jose Gamez. This suit was filed in the County Court at Law No. 2 of Hidalgo County, Texas.

According to the real parties' third amended petition, Juan Luis Huerta shot and killed his wife and Gamez with the service weapon that Garcia provided to Huerta as part of Huerta's employment as a security guard for Magnum Force Security. The real parties alleged that Garcia was negligent in hiring Huerta and providing him with a weapon because Huerta was a convicted felon. The real parties' causes of action against Garcia included, inter alia, negligence, negligence per se, strict liability, and negligent entrustment. The real parties brought a cause of action for fraud against First Mercury and the Gamez parties on grounds that First Mercury and the Gamez parties had "secretly made arrangements to settle" their claims without including the real parties and First Mercury had "engaged in fraudulent conduct by inducing [p]laintiffs to believe their claims were going to be properly handled." First Mercury insured Magnum Force Security for the relevant policy period and had previously paid the policy proceeds to the Gamez parties, thereby exhausting the insurance coverage available to satisfy the real parties' claims.

On January 25, 2013, First Mercury filed a plea to the jurisdiction and motion to dismiss for lack of jurisdiction. First Mercury contended that the trial court lacked subject matter jurisdiction over the lawsuit because: First Mercury was not directly liable to the real parties, Texas law prohibits joining an insurer in the same lawsuit in which a plaintiff seeks damages from the insured, and the insurance policy at issue prohibits any actions against the insurance company until the underlying tort suit is completed.

On February 4, 2013, the trial court heard the plea and took it under consideration. The trial court informed the parties that it would allow the parties to submit additional authorities for its consideration by February 14, 2013.

On February 15, 2013, First Mercury filed a supplemental letter brief regarding its plea and including issues pertaining to the real parties' newly added cause of action for fraud.

On February 28, 2013, the trial court transferred the underlying case from County Court at Law No. 2 to County Court at Law No. 8, the Honorable Rolando Cantu presiding, "as part of the reassignment of civil cases" between the courts.

On April 9, 2013, First Mercury filed a supplemental plea to the jurisdiction and motion to dismiss to address the real parties' new fraud claim and to provide the new trial court with a transcript of the February 4, 2013 hearing on the plea.

On May 21, 2013, the new trial court held a hearing on the plea. Rather than ruling on the plea, the trial court ordered the parties to mediation. On June 14, 2013, the parties mediated the case but did not settle.

First Mercury set its plea for a third hearing on June 19, 2013. The real parties in interest filed a motion for continuance of the hearing on the plea to the jurisdiction. The trial court heard and granted the motion for continuance on June 17, 2013. At the hearing, the trial court ordered that the plea would be determined by written submission on July 17, 2013. The reporter's record of the hearing on the motion for continuance makes it clear that the court's docket was busy, but the trial court nevertheless assured the parties that he would "rule that day or a couple of days after that."

On July 22, 2013, court staff indicated that the trial court would rule by the end of the week. On July 31, 2013, court staff indicated that the judge had the file but was in trial. On August 2, 2013, First Mercury sent a letter to the trial court to "respectfully request a ruling," setting out the chronology of events relating to its plea, and noting that the case was set for trial on October 21, 2013 and they were "almost sixty days out from trial." Nevertheless, the trial court did not rule on First Mercury's plea to the jurisdiction and motion to dismiss.

This original proceeding ensued on August 26, 2013. On August 27, 2013, this Court requested that the real parties in interest file a response to the petition for writ of mandamus within ten days, or by September 6, 2013. On August 30, 2013, First Mercury filed a motion to stay the trial court proceedings pending resolution of this petition for writ of mandamus. On September 4, 2013, the real parties filed a motion for extension of time to file their response to the petition, seeking an extension of time until October 7, 2013. On September 5, 2013, this Court granted the real parties' motion for extension of time and concomitantly granted First Mercury's motion for stay. This Court received the real parties' response on October 7, 2013. On October 14, 2013, First

Mercury filed a motion for extension of time to file a reply. The reply was filed on October 21, 2013.

By one issue, First Mercury contends that the trial court violated its ministerial duty by failing to rule on its pending plea to the jurisdiction and motion to dismiss. The real parties contend, in response, that First Mercury has failed to present a sufficient record to predicate mandamus relief because it has "completely failed to demonstrate other business which might be delaying a ruling," and in "light of all the fog created by [First Mercury's] irrelevant legal arguments and authorities, the trial court has acted reasonably."

## II. STANDARD OF REVIEW

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135. We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In performing this balancing, we look at a number of factors, including whether mandamus review "will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re State*, 355 S.W.3d at 615 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

5

Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex.1992) (orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). There is no adequate remedy at law for a trial court's failure to rule because "[f]undamental requirements of due process mandate an opportunity to be heard." *See In re Christensen*, 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding) (citing *Creel v. Dist. Atty. for Medina Cnty.*, 818 S.W.2d 45, 46 (Tex. 1991)). Thus, in proper cases, mandamus may issue to compel the trial court to act. *See In re Blakeney*, 254 S.W.3d at 661.

## III. APPLICABLE LAW

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Dallas Nat. Ins. Co.*, No. 13-09-00674-CV, 2010 WL 2432097, at *4 (Tex. App.—Corpus Christi June 17, 2010, orig. proceeding) (mem. op. on reh'g). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

The trial court has a reasonable time within which to perform its ministerial duty. *See In re Blakeney*, 254 S.W.3d at 661; *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding).  Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case.  *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228.  The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one.  *In re Blakeney,* 254 S.W.3d at 661; *In re Keeter*, 134 S.W.3d at 253; *In re Chavez*, 62 S.W.3d at 228.  We examine a "myriad" of criteria including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first.  *In re Blakeney,* 254 S.W.3d at 661; *see Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228–29.[3]

---

[3] There are a plethora of cases in which courts have determined that various periods of delay in ruling have been unreasonable. *See, e.g., In re Shredder Co.,* 225 S.W.3d 676, 679–80 (Tex. App.—El Paso 2006, orig. proceeding) (holding that an eight-month delay on ruling on a motion to compel arbitration after hearing was an abuse of discretion); *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (holding that a six-month delay in ruling on a partial summary judgment motion warranted mandamus relief); *In re Kleven*, 100 S.W.3d 643, 644–45 (Tex. App.—Texarkana 2003, orig. proceeding) (holding that five and six-month delays on ruling on discovery motions was an abuse of discretion); *City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (holding that a thirteen-month delay on ruling on a plea to the jurisdiction was an abuse of discretion); *In re Tasby*, 40 S.W.3d 190, 191 (Tex. App.—Texarkana 2001, orig. proceeding) (holding that a delay of thirteen months in ruling on a petition for writ of mandamus was unreasonable); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) (holding that a trial court's failure to rule on a motion for default judgment for over eighteen months was an abuse of discretion); *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (holding that a ten-month delay in setting a hearing on a motion to compel discovery was an abuse of discretion); *O'Donniley v. Golden*, 860 S.W.2d 267, 270 (Tex. App.—Tyler 1993, orig. proceeding) (holding that a thirteen-month delay in ruling on a motion for appointment was an abuse of discretion); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. App.—Tyler 1976, orig. proceeding) (per curiam) (holding that a trial court's delay in ruling on an election of incorporation for more than thirteen months was an abuse of discretion); *see also In re Hays Cnty. Sheriff's Dep't*, No. 03-12-00343-CV, 2012 WL 6554815, at *4 (Tex. App.—Austin Dec. 12, 2012, orig. proceeding) (mem. op.) (holding that a thirteen-month delay in ruling on plea to the jurisdiction was an abuse of discretion); *In re Dallas Nat. Ins. Co.*, No. 13-09-00674-CV, 2010 WL 2432097, at **4–5 (Tex. App.—Corpus Christi June

7

## IV. ANALYSIS

In the instant case, First Mercury has demonstrated that its pleadings were presented to the respondent and the respondent did not rule on them. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228. Based on this record, First Mercury's plea was properly filed and was brought to the trial court's attention with a request for a ruling. Therefore, the only remaining issue before us is whether the trial court had a reasonable time to act on the plea given the specific circumstances of this case. *See In re Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d at 228. In examining the alleged period of delay in this case, the record reflects the following chronology of events:

> January 25, 2013—First Mercury filed its plea and motion to dismiss in County Court at Law No. 2.
>
> February 4, 2013—County Court at Law No. 2 held a hearing on the plea and took it under submission.
>
> February 28, 2013—The case was transferred from County Court at Law No. 2 to the newly created County Court at Law No. 8 "as part of the reassignment of civil cases" between the courts.
>
> April 9, 2013—First Mercury raised the issue of jurisdiction in County Court at Law No. 8 by filing a supplemental plea to the jurisdiction and motion to dismiss.
>
> May 21, 2013—County Court at Law No. 8 held a hearing on the plea but did not rule on the plea, instead ordering the parties to mediation.
>
> June 14, 2013—The parties mediated the case but did not settle.

17, 2010, orig. proceeding) (mem. op. on reh'g) (holding that a delay of more than three years in ruling on a plea to the jurisdiction was an abuse of discretion); *In re Armstrong*, No. 06-11-00100-CV, 2011 WL 5561705, at **2–3 (Tex. App.—Texarkana Nov. 16, 2011, orig. proceeding) (mem. op.) (holding that a delay of thirteen months in ruling on several pending motions was an abuse of discretion); *In re Reeves Cnty.*, No. 08-09-00227-CV, 2009 WL 2623355, at *2 (Tex. App.—El Paso Aug. 26, 2009, orig. proceeding) (mem. op.) (holding that a trial court's failure to rule on a motion to compel arbitration for nineteen months was an abuse of discretion); *In re Mitchell*, No. 10-07-00250-CV, 2008 WL 191477, at *2 (Tex. App.—Waco Jan. 23, 2008, orig. proceeding) (mem. op.) (holding that a trial court's failure to rule on a motion for default judgment for fifteen months was an abuse of discretion).

June 17, 2013—County Court at Law No. 8 held a hearing on real parties' motion for continuance of a hearing set for June 19 on First Mercury's plea and motion, granted the motion for continuance, and determined the plea would be determined by written submission on July 17, 2013.

July 22, 2013—Court staff indicated that the judge would rule by the end of the week.

July 31, 2013—Court staff indicated that the judge had the file but was in trial.

August 2, 2013—First Mercury sent a letter to the trial court to "respectfully request a ruling," setting out the time line relating to the plea, and noting that the case was set for trial on October 21, 2013 and they were "almost sixty days out from trial."

In considering the alleged period of delay, we note that the trial court has broad discretion in managing its docket, but that discretion is not unlimited. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 654 (Tex. 2007) (orig. proceeding); *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982); *In re Blakeney*, 254 S.W.3d at 663; *Ho v. Univ. of Tex. at Arlington*, 984 S.W.3d 672, 694–95 (Tex. App.—Amarillo 1998, pet. denied). Furthermore, since the trial court's power to control its own docket is discretionary, a reviewing appellate court may not arbitrarily interfere with it. *See Ex parte Bates*, 65 S.W.3d at 135; *see also In re Dallas Nat. Ins. Co.*, 2010 WL 2432097, at *4.

In the instant case, First Mercury's plea to the jurisdiction and motion to dismiss had been on file for eight months. We conclude that the period of time when the case was pending before County Court at Law No. 2 cannot be held against the respondent in this case with regard to our analysis of the delay in ruling. We further conclude that the period of time that elapsed in County Court at Law No. 8 prior to the hearing on the plea on May 21 does not apply in this analysis because the record does not reflect that First Mercury presented its plea and motion to the new trial court before that date.

9

Neither period of time is relevant given the mandamus requirements for a request for a ruling and the trial court's refusal to rule. Mandamus will not issue unless: (1) the relator has made a demand on the respondent, and (2) the respondent has denied relief or otherwise refused to act. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding).

Thus, we are left with a delay from May 21 until August 26, when this original proceeding ensued. During this period, the trial court was clearly aware of the plea, had held a hearing on the plea, had held a hearing on continuing the submission date for the plea, and had set a self-imposed deadline to issue a ruling. The trial court nevertheless did not rule on the plea. It is clear from the colloquy between the trial court and the attorneys that the court's docket was crowded and the trial court was giving the older criminal cases precedence; however, neither the real parties in interest nor the respondent provided this Court with any specific data indicating that other judicial or administrative matters prevented the trial court from issuing a ruling on the plea. While the real parties contend that First Mercury failed to present a record illustrating the trial court's docket and administrative duties, we note that the court's docket is only one of the many factors we consider in determining the reasonableness of the delay in ruling. *See In re Blakeney,* 254 S.W.3d at 661; *Ex parte Bates*, 65 S.W.3d at135; *In re Chavez*, 62 S.W.3d at 228–29. Moreover, we presume the trial court took its own docket under consideration in setting the plea for submission on July 17, 2013, with "[n]o more continuances" and the assertion that he would rule "that day or a couple of days after that." Finally, in considering the circumstances of the case, we consider the subject

10

matter of the pending motion to be a pivotal factor in our analysis. In this case, First Mercury's pending plea to the jurisdiction and motion to dismiss concerned threshold issues regarding standing and the trial court's subject matter jurisdiction over the case. The Texas Supreme Court has instructed us that jurisdictional determinations should be made "as soon as practicable." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *see Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000); *see also In re Tex. Dep't of Ins.*, No. 13-10-00471-CV, 2010 WL 3596844, at *2 (Tex. App.—Corpus Christi Sept. 14, 2010, orig. proceeding) (mem. op.). There is nothing in the record before us suggesting that the jurisdictional determination sought by First Mercury's plea required the examination of further evidence or a fuller development of the case. *See Bland*, 34 S.W.3d at 554. In this regard, the parties were fewer than sixty days out from trial. *See City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (combined appeal & orig. proceeding) ("The city and the county argue a governmental unit's entitlement to be free from suit is effectively lost if the trial court erroneously assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation; therefore the trial court abuses its discretion and there is no adequate remedy at law."). We conclude that First Mercury was entitled to a timely ruling on its plea to the jurisdiction.

## VI. CONCLUSION

First Mercury has met its burden to show that the trial court abused its discretion in failing to rule on its plea to the jurisdiction. In so holding, however, we do not reach the merits of First Mercury's plea or direct the trial court regarding how to rule on it. *See In re Blakeney*, 254 S.W.3d at 661 ("While we have jurisdiction to direct the trial court to

11

make a decision, we may not tell the court what that decision should be."); *In re Shredder Co.*, 225 S.W.3d at 680 ("Although we have jurisdiction to direct the trial court to exercise its discretion in some manner, under no circumstances may we tell the trial court what its decision should be."); *In re Ramirez*, 994 S.W .2d at 684 ("However, while we have jurisdiction to direct the trial court to proceed to judgment, we may not tell the court what judgment it should enter."); *O'Donniley*, 860 S.W.2d at 269 ("While it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this Court is empowered to order a trial judge to exercise his discretion in some manner.").

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that the petition for writ of mandamus should be conditionally granted. Accordingly, we lift the stay previously imposed in this case. We conditionally grant the petition for writ of mandamus and direct the trial court to rule on the plea to the jurisdiction. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.

GREGORY T. PERKES
Justice

Delivered and filed the
13th day of November, 2013.

12